Rose E. HINES, Relator,

v.

**SHERATON RITZ HOTEL Respondent,**

and

**Commissioner of Economic
Security, Respondent.**

No. C9–84–37.

Court of Appeals of Minnesota.

June 5, 1984.

M. Francesca Chervenak, Legal Aid Society of Minneapolis, Inc., Minneapolis, for relator.

Mary Lloyd, Gates, McDonald & Co., Bloomington, for Sheraton Ritz Hotel.

Laura E. Mattson, Spec. Asst. Atty. Gen., St. Paul, for Com'r of Economic Sec.

Considered and decided by LANSING, P.J., FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Relator contests the Department of Economic Security's determination that she was discharged for misconduct and is disqualified from receiving unemployment compensation benefits. The commissioner's representative found that she was discharged for fighting. We affirm.

## FACTS

Relator Rose Hines worked as a housekeeper for the Sheraton Ritz Hotel. Hines protested when Terry Myrum, a male coworker with less seniority, was promoted to head housekeeper. There were bad feelings between the two.

There are conflicting stories about the incident which led to both Hines's and Myrum's discharge. According to Hines, Myrum started a scuffle in a Sheraton elevator. She acted only in self defense.

Myrum was not at the unemployment compensation hearing. But co-workers testified that they saw Hines and Myrum grabbing, pushing and shouting at each other as they got off the elevator in the hotel basement. Hines threatened that she or her sons would "get" Myrum. The two had to be physically separated.

The hotel discharged Hines and Myrum. The Sheraton Ritz employee handbook lists fighting, wrestling or other acts of violence as acts which will result in disciplinary action. Hines, when she was hired, signed a statement that she received and read the employee handbook.

The commissioner's representative determined that Hines was discharged for misconduct and was disqualified from receiving benefits.

## ISSUE

Is the evidence sufficient to support the commissioner's determination that Hines was discharged for misconduct and is disqualified from receiving unemployment compensation benefits?

## ANALYSIS

Findings in unemployment compensation cases must be reviewed in the light most favorable to the decision. If there is evidence reasonably tending to sustain them, they will not be disturbed. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983); *Smith v. American Indian Chem. Dependency Diversion Project*, 343 N.W.2d 43, 44 (Minn.App.1984).

■ An employee fired for misconduct is disqualified from receiving unemployment compensation benefits. Minn.Stat. § 268.-09(1) (1982). Misconduct, as a disqualification, is to be narrowly construed. *Group Health Plan, Inc., v. Lopez*, 341 N.W.2d 294, 296 (Minn.App.1984). The employer has the burden of proving misconduct. *King v. Little Italy*, 341 N.W.2d 896, 898 (Minn.App.1984).

In *Tilseth v. Midwest Lumber Co.*, the Minnesota Supreme Court held:

> [T]he intended meaning of the term "misconduct" * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct."

295 Minn. 372, 374–75, 204 N.W.2d 644, 646 (1973).

■ An employer has a right to expect employees not to physically fight at work. Sheraton management warned Hines that it would not tolerate fighting. There is evidence to support the commissioner's representative's finding that Hines was discharged for fighting, and therefore, for misconduct. Even if Myrum was the initial aggressor in the elevator, the commissioner's representative could reasonably conclude that Hines was no longer acting in self defense when she got into a shoving and shouting match with Myrum in the basement.

This case is distinguishable from the "isolated hot-headed incidents" discussed in *Windsperger v. Broadway Liquor Outlet*, 346 N.W.2d 142 (Minn.1984); *Hamilton v. International Dairy Queen, Inc.*, 346 N.W.2d 138 (Minn.1984). Both of those cases involved verbal outbursts rather than physical confrontations.

## DECISION

Affirmed.