821 F.2d 346
 45 Fair Empl.Prac.Cas. 586,
43 Empl. Prac. Dec. P 37,172
Pinkie J. BODDY, Plaintiff-Appellant,
v.
Charles DEAN, Richard Freeman, and S. David Freeman, in
their official capacity as Directors of Tennessee
Valley Authority, Defendants-Appellees.
 No. 85-6109.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 3, 1987.
Decided June 18, 1987.
 
 Richard T. Klingler (argued), Weill, Weems and Kennedy, Chattanooga, Tenn., for plaintiff-appellant.
 Richard E. Riggs, Herbert S. Sanger, Office of the Gen. Counsel, Knoxville, Tenn., Justin M. Schwamm, Sr., Thomas F. Fine (argued), for defendants-appellees.
 Before: LIVELY, Chief Judge; RYAN, Circuit Judge; and JOINER, District Judge.*
 LIVELY, Chief Judge.
 
 
 1
 The plaintiff appeals from summary judgment for the defendants in this action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq. (1982). As an employee of the Tennessee Valley Authority (TVA), she proceeded under section 717 of the Act, 42 U.S.C. Sec. 2000e-16, which prohibits discriminatory employment practices by agencies of the federal government. Claiming discrimination on the basis of sex, the complaint sought an order assigning plaintiff to an administrative position she had been denied, back pay and promotions she would have received if originally given the position, pay lost during a suspension for fighting on the job, and compensatory and punitive damages. Plaintiff raises numerous issues on appeal.
 
 I.
 A.
 
 2
 After more than five years as an employee of TVA during which she received three promotional upgrades, plaintiff applied for a position in the Administrative Officer Training Program. Another woman who had been an employee of TVA for more than ten years was chosen for the position. The selection was made in September 1980 by a committee of four members, two from a local union and two from management. Plaintiff charged TVA with sexual harassment alleging that her nonselection came about as the result of a negative recommendation by Dr. Lane, a supervisor whom she had formerly dated. The failure to award her the position under these circumstances was the basis of plaintiff's first charge of sex discrimination.
 
 
 3
 In January 1981 plaintiff and a co-worker, Carolyn Smith, engaged in a fight in the plaintiff's office. The fight occurred after Ms. Smith scolded the plaintiff for spreading a false rumor that she, Ms. Smith, was "going with" Dr. Lane. On the recommendation of a supervisor, Frank Faires, both combatants were suspended for two weeks without pay. Although Dr. Lane did not participate in the decision to suspend her, plaintiff contended that he influenced that decision as part of a pattern of sexual harassment. This was the basis of her second charge of sexual discrimination. Both charges were contained in a single count in the original complaint.
 
 B.
 
 4
 After returning to work following the suspension, plaintiff contacted the Federal Employee Women's Coordinator in Knoxville on February 3, 1981, and on March 16, 1981, she filed an administrative Equal Employment Opportunity (EEO) complaint alleging unlawful discrimination. The complaint contained the two charges of sexual harassment outlined above. Both charges were dismissed by TVA on February 29, 1984, and this action was filed within 30 days thereafter. The complaint in the district court named TVA and its three directors, in their official capacities, as defendants. The district court narrowed the issues in a series of orders on motions for partial summary judgment. It dismissed TVA as a defendant and the plaintiff has not appealed that action. The district court also struck plaintiff's demand for compensatory and punitive damages and dismissed Count II of plaintiff's amended complaint, pursuant to the defendants' motion for summary judgment. Count II was based on a second administrative EEO complaint, in which plaintiff alleged that she had been terminated by TVA in February 1982 in retaliation for filing her first complaint. This claim was resolved in plaintiff's favor at the administrative level and TVA was ordered to reinstate plaintiff with back pay and applicable promotions. In Count II of her district court complaint, plaintiff alleged that she had been improperly classified when she returned to work in July 1984. The district court found that Count II had not been presented within the statutory 30-day period for appealing a final administrative order. 42 U.S.C. Sec. 2000e-16(c).
 
 
 5
 Prior to submission of their final motions for summary judgment, the defendants made the following stipulations:
 
 
 6
 If plaintiff establishes by a preponderance of the evidence that Dr. Lane influenced the decision making process which resulted in the selection of Cynthia N. Biggers for the position of administrative officer trainee, effective September 21, 1980, and if plaintiff establishes by a preponderance of the evidence that Dr. Lane's influence was a factor in that selection, then defendants agree that plaintiff will have established her case of discrimination by sexual harassment with respect to plaintiff's nonselection for that position.
 
 
 7
 If plaintiff establishes by a preponderance of the evidence that Dr. Lane influenced the decision making process which resulted in disciplining plaintiff for her involvement in the January 5, 1981 altercation, and if plaintiff establishes by a preponderance of the evidence that Dr. Lane's influence was a factor in that decision, defendants agree that plaintiff will have established her case of discrimination by sexual harassment with respect to that issue.
 
 
 8
 The district court granted summary judgment on October 31, 1985, and dismissed the entire action. The court determined that plaintiff had failed to establish the existence of a genuine issue of material fact with respect to plaintiff's claim that Dr. Lane had influenced either the selection of the other candidate for the administrative position or the decision to suspend plaintiff. The district court also concluded that plaintiff's nonselection claim should be dismissed because it had not been brought to the attention of an EEO counselor within 30 days as required by regulations. 29 C.F.R. Sec. 1613.214(a)(1) (1986).
 
 II.
 
 9
 We have examined the depositions and affidavits in support of and in opposition to summary judgment and agree with the decision of the district court on the merits of the two claims contained in the original complaint. Reading plaintiff's evidence with indulgence and giving her the benefit of every reasonable inference, there is no genuine issue of material fact with respect to the claims that plaintiff's nonselection and suspension were brought about by Dr. Lane's influence. The evidence to the contrary by those who made the decisions was unrebutted and plaintiff produced nothing but speculation and hypothesis. As the Supreme Court recently stated:
 
 
 10
 [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.
 
 
 11
 Anderson v. Liberty Lobby Inc., 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). We believe this is such a case.
 
 III.
 A.
 
 12
 Although the district court found no merit in plaintiff's claims, it made the additional determination that her nonselection claim was barred because it was untimely filed. This ruling raises an issue that this court has not addressed directly, and which is likely to arise in other cases. The regulation relied upon by the district court provides:
 
 
 13
 (a) Time limits. (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if:
 
 
 14
 (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date; and
 
 
 15
 (ii) The complainant or his representative submitted his written complaint to an appropriate official within 15 calendar days of the date of his final interview with the Equal Employment Opportunity Counselor.
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 (4) The agency shall extend the time limits in this section: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or
 
 
 19
 (ii) for other reasons considered sufficient by the agency.
 
 29 C.F.R. Sec. 1613.214 (1986.)
 
 20
 Plaintiff began discussions with EEO counselor Wellington on September 29, 1980, within 30 days of notification that she had been denied the administrative position she sought. However, she last met with Wellington on October 27, 1980, without filing an administrative complaint. Plaintiff received two letters thereafter advising her that she "must" contact Wellington within 15 days if she wished to proceed with her charges. Plaintiff took no further action until February 3, 1981, when she contacted a different EEO counselor regarding her suspension for fighting. As a result of this counseling, an administrative complaint was filed raising both the nonselection and suspension claims. Plaintiff did not refer to her earlier counseling with Wellington in that complaint. Plaintiff arues on appeal that it was only after she was suspended in January 1981 that she learned of Dr. Lane's involvement in her employment difficulties and realized that she was being subjected to sexual harassment.
 
 B.
 
 21
 The district court concluded that the 30-day period for bringing a complaint to the attention of an EEO counselor is a jurisdictional prerequisite for filing an action in district court. This was the holding in Sims v. Heckler, 725 F.2d 1143 (7th Cir.1984). Other courts of appeals that have considered the question have disagreed with Sims. E.g., Henderson v. United States Veterans Administration, 790 F.2d 436, 440 (5th Cir.1986); Zografov v. Veterans Administration Medical Center, 779 F.2d 967, 968 (4th Cir.1985); Boyd v. United States Postal Service, 752 F.2d 410, 414 (9th Cir.1985); Saltz v. Lehman, 672 F.2d 207, 208 (D.C.Cir.1982). The courts that have found the requirement not to be jurisdictional have relied on the Supreme Court's decision in Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In Zipes the Court held that the timely filing of a charge with the Equal Employment Opportunity Commission (EEOC) is not a jurisdictional prerequisite to bringing a Title VII suit in federal court. Rather, the requirement is one "like a statute of limitations" that is subject to waiver, estoppel and equitable tolling. Id. at 393, 102 S.Ct. at 1132.
 
 
 22
 We agree with the courts that have applied the Zipes rationale to the counseling requirement of 29 C.F.R. Sec. 1613.214(a). In Zipes the Court found it significant that the provisions specifying the time for filing charges with the EEOC appeared separately from the provision for jurisdiction in the district court, though both provisions were part of the same statute. 455 U.S. at 394. Here the provision for contacting an EEO counselor is even farther removed from the statutory provision establishing jurisdiction in the district court; it appears only in the regulations. More significant, however, is the fact that treating the counseling requirement as jurisdictional is contrary to a "guiding principle for construing the provision of Title VII." Id. at 397, 102 S.Ct. at 1134. That principle holds that "a technical reading would be 'particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.' " Id., quoting Love v. Pullman Co., 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972).
 
 
 23
 Our conclusion that the 30-day requirement is not jurisdictional is consistent with previous decisions of this court that time requirements in statutes designed to eliminate unlawful discrimination in employment are not jurisdictional. See Fox v. Eaton Corp., 689 F.2d 91 (6th Cir.1982) (180-day time limit for filing a claim with the EEOC is subject to equitable tolling); Wright v. State of Tennessee, 628 F.2d 949 (6th Cir.1980) (requirement of Age Discrimination in Employment Act that notice of intent to file an action be given to Secretary of Labor within 180 days after alleged unlawful act occurred is not jurisdictional and is subject to equitable tolling); Leake v. University of Cincinnati, 605 F.2d 255 (6th Cir.1979) (time requirements of Title VII are like statutes of limitations and equitable principles apply); Harris v. Walgreen's Distribution Center, 456 F.2d 588 (6th Cir.1972) (a request for appointment of counsel in a Title VII action tolls requirement that suit be filed within 30 days of receipt of right to sue letter).
 
 
 24
 Since we have concluded that the district court properly granted summary judgment on both charges of discrimination contained in the original complaint, we need not decide whether the facts required equitable tolling of the time requirement.
 
 IV.
 A.
 
 25
 The district court permitted plaintiff to file an amended complaint containing a second count. As noted above, plaintiff relied on a final agency decision which held that she had been wrongfully terminated in February 1982 in retaliation for having filed her original complaint with the Equal Opportunity Compliance Office. The decision ordered TVA to return plaintiff to work with back pay, benefits, step increases and promotions. Plaintiff charged in her amended complaint that she was not given step increases, promotions and back pay to which she was entitled following her reinstatement and she sought a court order granting these emoluments.
 
 
 26
 The district court dismissed Count II on the ground that it had not been filed within 30 days of the final agency decision. This 30-day requirement is found in 29 C.F.R. Sec. 1613.281(a):
 
 
 27
 An employee or applicant is authorized by section 717(c) of the Civil Rights Act, as amended, 84 Stat. 112, to file a civil action in an appropriate United States district court:
 
 
 28
 (a) Within thirty (30) calendar days of receipt of notice of final action taken by the agency on a complaint.
 
 
 29
 The agency decision, which was favorable to plaintiff, was rendered on February 29, 1984, along with the decision denying her claims of sexual harassment. Plaintiff argues that she should not be required to file an action to correct a decision that was favorable. However, the district court found that plaintiff knew that TVA had not placed her in the proper pay category on July 18, 1984, when she returned to work with a classification at the same level she occupied at the time of her termination. Plaintiff filed the motion for leave to amend her complaint on October 12, 1984. In effect the district court tolled the 30-day filing requirement from February 29, 1984, until July 18 because plaintiff reasonably expected that TVA would comply with the final decision, and only learned the contrary when she returned. The district court dismissed Count II because it was not tendered within 30 days after plaintiff knew that TVA was not complying with the final decision.
 
 
 30
 Plaintiff argues that Count II arose out of the same transaction or occurrence as her first administrative complaint, though it was necessarily submitted separately since it charged TVA with retaliatory action in reprisal for filing the first one. She contends that the amendment should be held to relate back to the time the original complaint was filed, pursuant to Rule 15(c), Fed.R.Civ.P., which provides in pertinent part:
 
 
 31
 (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
 
 B.
 
 32
 The record supports plaintiff's position. Plaintiff filed a formal complaint on March 16, 1981, charging sex discrimination in her nonselection for the administrative position, in her 14-day suspension and in TVA's sending her a warning letter dated February 3, 1981. In a letter to the Compliance Office dated May 4, 1981, plaintiff charged that the actions of TVA in failing to select her for the administrative position and in suspending her for 14 days constituted sexual harassment and that the letter of February 3 as well as two other actions, subjected her to reprisal. This letter was accepted for investigation by the EEOC staff and additional allegations of reprisal were added during the investigation, making 11 such charges in all.
 
 
 33
 The director of equal opportunity compliance issued two decisions "on the discrimination complaint of Pinkie J. Boddy." Both were dated February 29, 1984. In one decision five reprisal charges were resolved in favor of plaintiff while the nonselection and suspension charges were decided in favor of TVA. In the other decision, four of the six remaining charges of retaliation were decided in favor of plaintiff. The original complaint was filed in district court within 30 days of the issuance of the two decisions.
 
 
 34
 The fact that TVA chose to deal with the charges in separate decisions is not controlling. It is clear that TVA treated the charges of sexual harassment and retaliation as one continuing course of conduct. The findings of unlawful reprisal were directly related to plaintiff's charges of sexual harassment. Ten of the charges of retaliation were accepted for investigation, even though not formally presented, along with the two charges of sexual harassment and one of reprisal included in the formal complaint. We believe the requirement of Rule 15(c) that the claim asserted in the amendment "arose out of the conduct, transaction, or occurrence set forth ... in the original pleading" was satisfied. Upon remand the district court will reinstate Count II for further proceedings.V.
 
 
 35
 Plaintiff also contends that the district court erred in striking her prayer for compensatory and punitive damages. We disagree. It is settled beyond dispute in this circuit that a plaintiff may not recover either compensatory or punitive damages in a Title VII action. E.E.O.C. v. Detroit Edison Co., 515 F.2d 301, 309 (6th Cir.1975); rev'd on other grounds, 431 U.S. 951, 97 S.Ct. 2668, 53 L.Ed.2d 267 (1977); Harrington v. Vandalia-Butler Bd. of Educ., 585 F.2d 192, 197 (6th Cir.1978), rev'd on other grounds, 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979); Farmer v. ARA Services, Inc., 660 F.2d 1096, 1107 (6th Cir.1981). Nothing in Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), indicates that a different rule should apply when the plaintiff is a federal employee. In Brown the Supreme Court held that Title VII provides the exclusive scheme for redress of federal employment discrimination. The Court contrasted this conclusion with the fact that private sector employees are permitted to combine Title VII actions with claims under other applicable state and federal statutes. Id. at 833, 96 S.Ct. at 1968. Thus, an employee suing a private employer may seek equitable relief under Title VII and legal relief in the form of compensatory and punitive damages under 42 U.S.C. Sec. 1981. Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 466, 95 S.Ct. 1716, 1723, 44 L.Ed.2d 295 (1975). In determining the extent to which it would waive sovereign immunity, Congress chose to limit relief in suits against federal agencies charging unlawful discrimination in employment practices by permitting only those remedies provided for within the comprehensive scheme of Title VII.
 
 
 36
 The judgment of the district court is affirmed in part, reversed in part, and remanded for further proceedings. No costs are allowed on appeal.
 
 
 37
 JOINER, Senior District Judge, concurring in part and dissenting in part.
 
 
 38
 I join the opinion of the court except as to Part IVB. I write separately to express my disagreement with the court's conclusion that plaintiff's Count II relates back to the original complaint pursuant to Fed.R.Civ.P. 15(c).
 
 
 39
 According to 42 U.S.C. Sec. 2000e-16(c); 29 C.F.R. Sec. 1613.281(a), plaintiff had 30 days from the date of the final agency decision on her administrative complaint to file an action in United States District Court. Count II related to plaintiff's claim that she was not given the relief that was ordered by the agency when it concluded that she had been wrongfully terminated from her employment in retaliation for her filing an administrative complaint charging sexual discrimination. Because plaintiff could not have discovered this alleged failure to provide complete relief until after she returned to work on July 18, 1984, the district court properly concluded that the 30-day time period did not begin to run until plaintiff returned to work. Plaintiff did not file for leave to add Count II to her complaint, which had been filed on March 30, 1984, until October 12, 1984, much more than 30 days after her return to work. As a result, the district court dismissed Count II as not being timely filed.
 
 
 40
 The court would now hold that because Count II relates back to the original complaint, it is not barred by the above-mentioned 30-day time limit. Fed.R.Civ.P. 15(c) states that an amendment relates back to the original pleading if the claim in the amendment "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." While there are several factors to be considered in a Rule 15(c) determination, a key factor is notice:
 
 
 41
 Based on the principle that a party who has been notified of litigation arising out of a particular event or transaction has been afforded all the notice the statutes of limitations are designed to afford, the major issue in a determination under the first sentence of FRCP 15(c) is whether the original pleading gave the opposing party fair notice of the general fact situation involved in the amended pleading. The test has also been stated to be whether the opposing party ought to have known from the original pleading the facts which the amended pleading seeks to add, and whether the opposing party has fair notice that litigation is arising out of a specific fact situation. It has been stated, in the case of an amended complaint, that the true test underlying the words of FRCP 15(c) is one of adequate notice in order that the defendant may have reasonable opportunity to prepare a defense.
 
 
 42
 27 Fed.Proc., L.Ed Sec. 62:311, at 448 (1984) (footnotes omitted). See also Holmes v. Greyhound Lines, Inc., 757 F.2d 1563, 1566 (5th Cir.1985); Minnesota Chippewa Tribe, Red Lake Band v. United States, 768 F.2d 338, 340-41 (Fed.Cir.1985).
 
 
 43
 After an analysis of the contents of the original complaint and Count II, I cannot conclude that Count II relates back to the original complaint. The original complaint dealt with plaintiff's claims of sexual discrimination related to her nonselection for the administrative position in September of 1980, and her suspension in early 1981 for fighting. These claims were raised before the agency in an administrative complaint filed March 16, 1981. Count II has already been described above, and the retaliatory discharge to which it is related occurred in early 1982, and was first raised in an administrative complaint filed February 4, 1982, almost one year after the first administrative complaint. Consequently, not only are the basic claims underlying the original complaint and Count II quite different, they involve events that occurred more than one year apart, and administrative complaints which, while being resolved on the same day, were filed approximately eleven months apart. Given these facts, it is very difficult to imagine how defendants could have been put on notice by the original complaint that their alleged failure to provide plaintiff with the relief ordered by the agency decision on plaintiff's retaliatory discharge claim could be raised later. Simply stated, the claims in the original complaint and Count II involve separate transactions and/or occurrences. The fact that the claims may have been decided by the agency on the same day, although in separate opinions, should not in any way make the two claims arise out of the same "conduct, transaction or occurrence." That determination must be made by an examination of the claims themselves.
 
 
 44
 Moreover, given the timing of plaintiff's discovery of defendants' alleged noncompliance, it does not seem possible that defendants could have been put on notice. The complaint was filed in United States District Court on March 30, 1984, yet plaintiff's alleged Count II cause of action could not have arisen any sooner than July 18, 1984, the date she returned to work. Prior to that time defendants could not have done anything wrong in this regard, as until plaintiff returned to work it could not be said that she was not going to receive the remedy which she believes was ordered for her. When the original complaint was filed by plaintiff, defendants could not have been put on notice of plaintiff's Count II claim, as at that time this claim did not exist.
 
 
 45
 The claim contained in Count II does not relate back to the claims in the original complaint, therefore the 30-day time limit of 42 U.S.C. Sec. 2000e-16(c); 29 C.F.R. Sec. 1613.281(a), has been exceeded. At the time plaintiff returned to work and discovered her alleged Count II claim against defendants, the instant complaint had already been filed, and plaintiff was represented by counsel, therefore plaintiff has no other possible equitable grounds for tolling this period, such as her not knowing of this time limit. For these above reasons, I would affirm the district court's dismissal of plaintiff's Count II.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation