848 F.2d 189
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Valencia DIXON, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, Defendant-Appellee.
 No. 87-3667.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1988.
 
 Before MERRITT and CORNELIA G. KENNEDY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Valencia Dixon appeals the dismissal of her suit against the Veterans Administration (VA). Plaintiff originally submitted her complaint pro se, but later hired counsel and, upon leave of the District Court, filed an amended complaint claiming she was discriminated against on the grounds of "race, color, sex and handicappness," in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec. 1983. The District Court also assumed that plaintiff was proceeding under 29 U.S.C. Sec. 794a, which effectively extended Title VII to cover discrimination on the basis of being handicapped.
 
 
 2
 The VA advanced several grounds for dismissal, or in the alternative, summary judgment, to the District Court. The District Court dismissed the Title VII claim entirely on the basis of a failure to file a complaint within the statutorily provided time limit. The District Court mistakenly thought that this time limit was jurisdictional, and did not properly consider the possibility that equity required that the running of the time limit be tolled. Nonetheless, we are able to determine from the record that a remand to the District Court is unnecessary.
 
 
 3
 The section 1983 claims were properly dismissed because the federal employees involved did not act under color of state law.
 
 
 4
 The handicap claims were dismissed for failure to exhaust administrative remedies, and the District Court's findings support this dismissal.
 
 
 5
 We therefore affirm the judgment of District Judge Sam H. Bell, although some explanation concerning the disposition of plaintiff's Title VII claims is required.
 
 
 6
 Judge Bell found that "[p]laintiff submitted a timely appeal to the Equal Employment Opportunity Commission (EEOC) of the final agency decision on several complaints she filed with the Veterans Administration," but that, having received her right to sue letter from the EEOC, she failed to file her complaint in the District Court within thirty days. He therefore held that "all of the claims raised before the EEOC are thus barred."
 
 
 7
 The judge rejected Dixon's argument that the thirty-day period should be equitably tolled in this case because "plaintiff has advanced no reason other than delays caused when persons work night shifts to apply" equitable tolling principles.[1]
 
 
 8
 Judge Bell was apparently unaware of the fact that Dixon had filed an application for appointment of counsel and to proceed in forma pauperis on August 8, 1986. This was within thirty days of the time Dixon received her right to sue letter, on July 14, 1986. United States District Judge Thomas D. Lambros denied the application in an order dated September 15, 1986, and Dixon, then proceeding pro se, filed a complaint in this case on October 1, 1986.
 
 
 9
 An application for the appointment of counsel tolls the statute of limitations in a Title VII case, Harris v. Walgreen's Distribution Center, 456 F.2d 588 (6th Cir.1972); see also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (per curiam) (approvingly citing Harris as an example of when equitable tolling applies). Harris explains that "when after the decision on the motion for counsel the time remaining is unreasonably short for securing a lawyer and filing a complaint, the District Judge's order granting or denying the motion for appointment of counsel should set a reasonable time," 456 F.2d at 592. Here, by the time the motion was decided, Dixon had less than a week remaining on her thirty days. Judge Lambros' order should therefore have set a reasonable time in which she should have filed a complaint.
 
 
 10
 The Veterans Administration argues that equitable tolling does not apply when the United States or its agencies are defendants, citing Sims v. Heckler, 725 F.2d 1143 (7th Cir.1984). That case distinguished the Supreme Court's holding in Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), that the timely filing of a charge with the EEOC is not a jurisdictional prerequisite to bringing a Title VII action in federal court, but is instead like a statute of limitations that is subject to waiver, estoppel, and equitable tolling. Sims held that Zipes does not apply to federal employees. However, that is not the law in this Circuit. Sims, as defendant was apparently unaware, was explicitly rejected by this Court in Boddy v. Dean, 821 F.2d 346 (6th Cir.1987).[2] Boddy also points out that the Courts of Appeal of the Fourth, Fifth, Ninth, and District of Columbia Circuits have also disagreed with Sims, 821 F.2d at 350. The Veterans Administration was a party in two of these cases. See Henderson v. United States Veterans Admin., 790 F.2d 436 (5th Cir.1986); Zografov v. Veterans Admin. Medical Center, 779 F.2d 967 (4th Cir.1985). See also Stuckett v. United States Postal Serv., 469 U.S. 898 (1984) (White, J., dissenting from the denial of certiorari) (noting that several Circuits have held that the thirty-day limit is not jurisdictional for federal employees).
 
 
 11
 Since Judge Bell, as far as we are able to determine, was never aware of the application for the appointment of counsel, he did not have the opportunity to examine whether, in these circumstances, equity requires that Dixon's Title VII claim not be barred solely because she failed to file a complaint within thirty days of the receipt of her right to sue letter. However, since doctrines such as tolling require an examination of the equitable balance in a particular case, we do not believe it is necessary to return this claim to the District Court. Several considerations convince us that the equities are not sufficiently weighed in Dixon's favor to support tolling the time limit here.
 
 
 12
 First, we note that Dixon has never advanced an explanation for her failure to bring her application for appointment of counsel to the attention of the District Court. This failure has not been cured, even after she retained counsel, in her written arguments to this Court.
 
 
 13
 Second, we note that, even excluding the time during which the application for appointment of counsel was pending before Judge Lambros, Dixon still could have filed her complaint within thirty days of receiving her right to sue letter. She has failed to demonstrate why she could not file her complaint within the week following the denial of appointment of counsel particularly when she had waited twenty-five days to file her application for counsel's appointment. Nor has she shown any other compelling equities.
 
 
 14
 In these circumstances, the District Court was justified in declining to exercise its equitable powers by extending the time the statute gave Dixon to file her complaint. We therefore affirm the judgment of the District Court.
 
 
 
 [1]
 He also rejected the argument that defendant's conduct constituted a "continuing violation." There is no evidence to support plaintiff's theory
 
 
 [2]
 The defendants in Boddy were sued in their official capacity as Directors of the Tennessee Valley Authority, an instrumentality of the United States Government