**Howard E. PERRY, Plaintiff,**

v.

**INA LIFE INSURANCE COMPANY, Defendant.**

**No. L88–207 CA.**

United States District Court, W.D. Michigan, S.D.

Sept. 15, 1989.

Peter L. Dunlap, Fraser, Trebilcock, Davis & Foster, P.C., Lansing, Mich., for plaintiff.

Michael F. Schmidt, Harvey, Kruse, Westen & Milan, P.C., Detroit, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff Howard E. Perry filed the present action alleging that defendant INA Life Insurance Company ("INA Life")[1] breached its agreement to pay him a termination allowance when the office in which he worked was closed and his position was eliminated.

On July 28, 1988, INA Life removed plaintiff's action to this Court on the basis of diversity jurisdiction and on the basis that plaintiff was an employee seeking wrongfully denied severance pay benefits under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

Presently pending before the Court is defendant INA Life's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). For the reasons stated below, defendant's motion is granted.

## FACTS

In March 1976, plaintiff Howard E. Perry became manager of INA Life's Detroit office. In January 1983, INA Life underwent a reorganization which resulted in closing the Detroit office. However, Perry continued in employment with INA Life as a Senior Marketing Representative. In September 1983, Perry voluntarily resigned. Subsequently, Perry filed this action seeking a termination allowance under INA Life's Work Force Management Policies ("the Policy").

Under the Policy, "any permanent employee whose position is eliminated" is entitled to either a suitable alternative position or is considered severed. Policy at 703. A

"suitable alternative position" is defined as one which:

—in the opinion of management is a reasonable match to the employee's skills and experience;

—is within *two* salary grades of the employee's existing grade and is within the employee's current geographic area.

—for employees at CG, Grade 16 and above; INA, Grade 17 and above; and CIGNA Grade 50 and above, a suitable alternative position will also include a promotion in any geographic area.

Policy at 703.1. If a suitable alternative position is not available and the employee is considered severed under the Policy, such employee is entitled to a termination severance allowance. Policy at 718. The termination severance allowance provision does not apply in cases of a "shift in job duties or where the employee has been assigned to a different manager or supervisor." Policy at 718. Furthermore, the termination severance allowance provision provides a special limitation that "[o]nce initiated, severance pay will cease if and when an employee accepts another position in CIGNA Corporation." Policy at 718.

## STANDARD FOR REVIEW

■ Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). There is no material issue of fact for trial unless, by viewing the evidence in favor of the non-moving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Boddy v. Dean*, 821 F.2d 346, 349 (6th Cir.1987). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510 (citations omitted).

---

**1.** Plaintiff originally filed the present action against defendants INA Life Insurance Company and CIGNA Insurance Company jointly and severally. By Stipulation and Order dated September 20, 1988, INA Life agreed that "[t]he 'termination allowance' which is the subject of this litigation was an INA policy and employment benefit for INA employees at times relevant to this suit." In addition, the parties agreed to dismiss CIGNA without prejudice.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Potters Medical Center v. City Hospital Association*, 800 F.2d 568, 572 (6th Cir.1986). Once the moving party has met its burden, the non-moving party must go beyond the pleadings and come forward with specific facts to show that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53. If after adequate discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

### ANALYSIS

Defendant's motion for summary judgment presents two issues to the Court. First, the Court must determine whether plaintiff's claim under INA Life's Policy is governed by ERISA. Second, if ERISA applies, the Court must determine *de novo* whether defendant is entitled to judgment as a matter of law.

Plaintiff argues that his claims are not covered by ERISA since INA Life did not meet ERISA's procedural requirements and since the policy does not fit within the definition of an ERISA "plan". ERISA was enacted to protect and promote the interests of employees and their beneficiaries in employee benefit plans. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 953, 103 L.Ed.2d 80 (1989). A plan may fall under ERISA even if the employer fails to comply with ERISA requirements. *See Brown v. Ampco–Pittsburgh Corp.*, 876 F.2d 546, 551 (6th Cir. 1989). Under the statutory definition, ERISA applies to an established employee benefit plan, including:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1). Thus, ERISA applies if the policy or plan: (1) was established or is maintained by an employer; (2) to provide certain benefits to participants or their beneficiaries; (3) and the plan's benefits are among those listed in the statute.

The Court finds that INA Life's Policy meets these three criteria. First, INA Life unilaterally adopted the "Work Force Management Policies" in order "to assist employees whose jobs have been eliminated." Policy at 703. Second, [t]he intent of the program is to attempt to locate suitable alternative positions for such employees and to provide special severance pay and outplacement assistance if no such positions are available." Policy at 703. Third, Section 186(c) specifically lists severance benefits. 29 U.S.C. § 186(c). *See also Massachusetts v. Morash*, 490 U.S. 107, 109 S.Ct. 1668, 1673, 104 L.Ed.2d 98 (1989); *Holland v. Burlington Industries, Inc.*, 772 F.2d 1140, 1144–45 (4th Cir.1985), *summarily aff'd sub nom. Brooks v Burlington Industries, Inc.*, 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 559 (1986); *Gilbert v. Burlington Industries, Inc.*, 765 F.2d 320, 325 (2d Cir.1985), *summarily aff'd sub nom. Roberts v. Burlington Industries, Inc.*, 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986). Thus, since INA Life's Policy is within the definition of an employee benefit plan, plaintiff's claim for a termination severance allowance is governed by ERISA.

■ Next the Court must determine *de novo* whether plaintiff is entitled to benefits under the terms of INA Life's termination severance allowance provision. In support of its motion, defendant argues that plaintiff is not entitled to a termination allowance for various reasons. First, defendant argues that plaintiff's job was not eliminated, but rather, he simply had a shift in job duties. Next, defendant contends that even if plaintiff's job had been eliminated, plaintiff was offered and accepted a Senior Marketing Representative position which is a suitable alternative position since it was a reasonable match to plaintiff's skills and experience, was within two salary grades of plaintiff's previous office manager position, and was within the immediate geographic area of his residence. Finally, defendant argues that the purpose of the severance pay policy is to assist eligible employees during periods of unemployment, thus denial in this case is not unreasonable.

Plaintiff responds that his position as manager of the Detroit office was eliminated and that he did not have a mere shift in job duties. Further, plaintiff contends that the Senior Marketing Representative position was not a suitable alternative position since he was not offered "a promotion in any geographic area."

Having reviewed the entire record in this matter, plaintiff's complaint, defendant's motion and exhibits, and plaintiff's response, affidavit, and exhibits, the Court finds that under the terms of INA Life's Policy, plaintiff was not entitled to the termination severance allowance. Even assuming that plaintiff's position was eliminated and that the Senior Marketing Representative position was not a suitable alternative position, the Court concludes that a fair and reasonable interpretation of the Policy does not contemplate severance pay once a severed employee accepts another position. The Court finds nothing that indicates that plaintiff's options were not known to him when he accepted the Senior Marketing Representative position. If at the time when plaintiff was offered the option of accepting the Senior Marketing Representative position, he believed it was not a suitable alternative position, he was not obligated to accept the position under the terms of the policy and he would have been entitled to the termination severance allowance. However, having freely chosen to accept the offer of continued employment in another position, plaintiff is not entitled to pay for severance. Accordingly, defendant's motion for summary judgment is granted and the instant action is dismissed.