**Douglas B. PARKER, Plaintiff,**

v.

**AETNA LIFE AND CASUALTY,
a foreign corporation,
Defendant.**

**No. 1:91–CV–587.**

United States District Court,
W.D. Michigan, S.D.

Oct. 15, 1991.

## OPINION

BENJAMIN F. GIBSON, Chief Judge.

Plaintiff Douglas B. Parker brings the present diversity action for wrongful termination of employment and defamation. Presently pending is defendant Aetna Life and Casualty's motion to dismiss or, in the alternative, for summary judgment.

### I.

In his complaint, plaintiff contends that he was hired by defendant on February 15, 1988, as an engineering representative. He asserts that defendant maintains a progressive discipline policy which amounts to a "just cause" employment policy and that his employment was terminated although he satisfactorily performed his job. Further, plaintiff asserts that Richard Perry, an employee of defendant, "intimated or expressly stated" to plaintiff's co-workers that plaintiff was "mentally or emotionally unstable and/or likely to do physical violence to these co-employees." Complaint at 3. These statements allegedly were false and harmed plaintiff's reputation in the community.

At the time plaintiff applied for work with defendant, he signed a statement which read:

> I understand that if I am hired by Aetna Life & Casualty I may terminate my employment at any time, with or without notice, and that the Company may do the same. Any modifications of this understanding must be in writing and signed by an officer of the Company.

Exhibit A to Defendant's Motion of Summary Judgment (Defendant's Exh. A). Likewise, on the inside cover of the employee handbook which plaintiff relies on as evidence of defendant's progressive discipline policy, there is the following statement:

> While we hope that our relationship will be a long and enjoyable one, you may terminate your employment at any time, with or without notice, and the company may do the same. Any modifications of

Brion J. Brooks, Gruel, Mills, Nims & Pylman, Grand Rapids, Mich., for plaintiff.

Nancy L. Hutcheson, Hill & Lewis, Detroit, Mich., for defendant.

this understanding must be in writing and signed by an officer of the company. Defendant's Exh. A.

Defendant argues that this language unequivocally creates an at-will employment relationship. Regardless of its progressive discipline policy, defendant asserts that it reserved its common law right to discharge employees at any time for any reason with or without notice.

## II.

Because the parties have presented the Court with matters outside the pleadings, defendant's motion must be analyzed under the summary judgment standard of review. Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). There is no material issue of fact for trial unless, by viewing the evidence in favor of the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Boddy v. Dean*, 821 F.2d 346, 349 (6th Cir.1987). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510 (citations omitted).

■ The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Potters Medical Center v. City Hospital Association*, 800 F.2d 568, 572 (6th Cir.1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to show that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53. If after adequate discovery the party bearing the burden of proof fails to make a show-

ing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

## III.

■ It is manifest that absent a contract to the contrary in Michigan an employment relationship for an indefinite term is presumed to be terminable at the will of either party. *Lynas v. Maxwell Farms*, 279 Mich. 684, 687, 273 N.W. 315, 316 (1937). However, in the benchmark case of *Toussaint v. Blue Cross & Blue Shield*, 408 Mich. 579, 292 N.W.2d 880 (1980), the Michigan Supreme Court found that an employer is bound by statements or actions it takes that create a reasonable expectation among its employees that they will be terminated only for cause.

*Toussaint* has recently been reaffirmed by the Michigan Supreme Court in *Scholz v. Montgomery Ward & Co.*, 437 Mich. 83, 468 N.W.2d 845 (1991). In *Scholz*, the court concluded that where an employee executes a sign-off sheet which expressly provides for at-will employment, the employment relationship is an at-will relationship as a matter of law. *Scholz*, 437 Mich. at 93, 468 N.W.2d 845. This result is in accord with Sixth Circuit precedent. *See Reid v. Sears, Roebuck and Co.*, 790 F.2d 453 (6th Cir.1986); *Dell v. Montgomery Ward & Co.*, 811 F.2d 970 (6th Cir.1987).

■ The Michigan Supreme Court has also recently clarified the burden plaintiff must meet in order to prevail under *Toussaint*. In *Rowe v. Montgomery Ward & Co.*, 437 Mich. 627, 644, 473 N.W.2d 268 (1991), the court found that a plaintiff relying on oral representations to overcome the presumption of at-will employment must show the oral representations of job security to be "clear and unequivocal." This same requirement must apply to written representations such as the discipline policy at issue herein.

■ However, defendant does not quarrel with plaintiff's assertion that it employed a progressive discipline policy which, absent an express disclaimer, may have modified the parties' common law re-

lationship.[1] Defendant relies solely on the statement contained in its employment application and policy manual that employment is terminable at any time, with or without notice. Defendant has failed to inform the Court of a basis for granting its motion for summary judgment. A plain reading of defendant's disclaimer does not answer the question whether employment is terminable with or without *cause*. Certainly the disclaimer may imply that employment is terminable at will. However, it is not inconsistent with a just cause termination policy to make employment terminable at any time. If in fact, as plaintiff suggests, defendant employed a just cause termination policy, that policy may have operated in such a way that if defendant had cause to terminate, it could act with or without notice. Defendant's disclaimer is too ambiguous to warrant a grant of summary judgment. *See Schipani v. Ford Motor Co.*, 102 Mich.App. 606, 624, 302 N.W.2d 307 (1981) (material issue of fact remains where plaintiff executed agreement with disclaimer language almost identical to that at issue herein).[2]

 Plaintiff's claim for defamation alleges that his supervisor spread lies that injured plaintiff's reputation in the community. In Michigan, in order for a defamation claim to stand, plaintiff must allege and prove:

> (1) that the defendant published a false and defamatory statement concerning the plaintiff; (2) that the statement was an unprivileged communication to a third person; (3) that the defendant was at least negligent in making the statement; and (4) that the statement caused damage to the plaintiff.

*Falls v. Sporting News Pub. Co.*, 834 F.2d 611, 614–15 (6th Cir.1987). *See also Ledl v. Quik Pik Food Stores Inc.*, 133 Mich.App. 583, 589, 349 N.W.2d 529 (1984). More-over, the plaintiff must specifically plead that the alleged defamation was actionable irrespective of special damages (defamation *per se*) or that it caused special damages (defamation *per quod*). *Ledl*, 133 Mich. App. at 589, 349 N.W.2d 329.

 Pursuant to *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court is bound to apply Michigan substantive law to plaintiff's defamation claim. Although forms of pleading are not generally considered to be substantive, Federal Rule of Civil Procedure 9(g) requires that where an item of special damages is an element of a claim, they must be specifically stated. *See generally* 2A Moore's Federal Practice ¶ 9.08. Accordingly, a defamation claim which lacks the requisite pleading specificity may be subject to dismissal. *Smith v. Teledyne Industries, Inc.*, 578 F.Supp. 353, 355 (E.D.Mich.1984).

 In this case, plaintiff's general allegations do not plead a defamation claim with the specificity required under Michigan law. However, plaintiff has moved for leave to amend his complaint. Leave to amend should be freely granted when justice so requires. Fed.R.Civ.P. 15(a). Because there is no indication that defendant will be prejudiced by an amendment, the Court will permit plaintiff to amend his complaint. Accordingly, in order for his defamation claim to survive, plaintiff must file an amended complaint no later than November 4, 1991.

## IV.

For the reasons stated above, defendant's motion to dismiss or, in the alternative, for summary judgment is denied.

---

1. In fact, neither party has presented the Court with substantial evidence that such a policy existed or what the parameters of that policy were. At this stage of the proceedings, without evidence to the contrary, the Court must take at face value the allegation in plaintiff's complaint that such a policy existed.

2. Defendant cites *Schipani* for the opposite result. However, a careful reading of that case establishes that the defendant's written employee handbook created a question of fact for trial, notwithstanding the disclaimer that plaintiff's employment could be terminated "at any time without advance notice." *Schipani*, 102 Mich. App. at 610, 615, 302 N.W.2d 307.