996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robin A. WILLIAMS, Plaintiff-Appellant,
v.
CLEVELAND VA-M.C., et al., Defendants-Appellees.
 No. 92-4036.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 1
 Before KEITH and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Robin A. Williams, a pro se Ohio resident, appeals a district court order dismissing her Title VII (42 U.S.C. § 2000e) complaint as frivolous under 28 U.S.C. § 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Williams essentially alleged in her complaint that she resigned from the Veterans Administration Medical Center in Cleveland, Ohio in November 1989. She sought reinstatement in May 1990, but her request was denied in June 1990. Williams alleged that she was not reinstated because of her race and prior union activity.
 
 
 4
 Williams submitted a complaint to the Department of Veterans Affairs. The VA dismissed the complaint because Williams had not sought EEO counseling within thirty days after the alleged discriminatory event. Williams appealed to the Equal Employment Opportunity Commission which affirmed the VA's decision. Williams then filed her complaint with the district court which dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d). In her timely appeal, Williams argues that the district court erred by not giving her a chance to prove her case.
 
 
 5
 Upon review, we affirm the district court's judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 6
 Upon de novo review, we conclude that Jones's complaint fails to state a cause of action for which relief may be granted. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Cf. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983).
 
 
 7
 Prior to filing her complaint, Williams was required to seek EEOC counseling within thirty days of the alleged discrimination as required by 29 C.F.R. § 1613.214(a). In Boddy v. Dean, 821 F.2d 346, 349-50 (6th Cir.1987), we stated that failure to comply with the counseling requirement of § 1613.214(a) is not a jurisdictional prerequisite in order to bring a Title VII suit. Rather, it is analogous to a statute of limitations, subject to waiver, estoppel, and equitable tolling. Id. at 350.
 
 
 8
 Williams argued before the EEOC and in her brief before this court that she simply did not know the process to file an EEO complaint. However, as a former employee of the medical center, she was required by law to be instructed on the EEO complaint process, see 29 C.F.R. § 1613.203(i), a fact that Williams does not dispute. Given that Williams did not seek EEO counseling as required by § 1613.214(a), that she has given no reason why the regulation's counseling requirement should be waived, and that no reason to waive the requirement is evident from the record, the complaint was subject to dismissal. See Boddy, 821 F.2d at 350; Cook v. Providence Hosp., 820 F.2d 176, 179-80 (6th Cir.1987).
 
 
 9
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation