**Denise M. REECE–JENNINGS, Plaintiff,**

v.

**John E. POTTER, Postmaster of the United States, John Sauve, Theodore Banks, Mark Tawril, and Denise Farin, Defendants.**

**No. 01–CV–73032–DT.**

United States District Court, E.D. Michigan, Southern Division.

Jan. 15, 2002.

---

Denise M. Reece–Jennings, Detroit, MI, Pro se.

Francis L. Zebot, Alan M. Gershel, United States Attorney's Office, Detroit, MI, for Defendants.

## *OPINION*

DUGGAN, District Judge.

On August 14, 2001, Plaintiff filed this *pro se* action against Defendants alleging wrongful discharge. On October 31, 2001, Defendants filed a motion to dismiss or for summary judgment. Plaintiff did not respond to the motion. For the reasons set forth below, Defendants' motion shall be granted.

### Background

Plaintiff is a former employee of the United States Postal Service. During her employment with the Postal Service, Plaintiff worked as a mail carrier at the Southfield, Michigan Post Office.

In May of 1993, Plaintiff first sought EEO counseling, asserting that management discriminated against her based upon her race and sex by not allowing her to use a pushcart when delivering mail on her route. (*See* Pl.'s Ex. 9). Plaintiff later complained that management discriminated against her based on her race and sex when on October 19, 1993, she received a 7–day suspension, and when on November 23, 1993, she received a 14–day suspension. (*See* Pl.'s Ex. 10).

Plaintiff ultimately filed a complaint with the EEO office alleging that she had been discriminated against on the basis of race and physical disability. (*See* Pl.'s Ex. 36). That complaint was filed on June 24, 1996, and Plaintiff's case was styled Case Number 4–J–480–1070–95. (Defs.' Ex. C).

On July 22, 1996, the Postal Service sent Plaintiff a letter informing her that she had been on "Leave Without Pay Status" for more than a year, and that the Postal Service had tried to contact her on several occasions but had been unsuccessful. (Pl.'s Ex. 40). The letter offered Plaintiff a chance to participate in the Employee Assistance Program, and warned her that if she did not contact the Postal Service within five days after receipt of the letter she would be terminated. (*Id.*).

In a letter issued on September 26, 1996, the Postal Service confirmed receipt of Plaintiff's EEO complaint and informed her that her complaint would be investigated. (*See* Defs.' Ex. A). That letter also specified that the scope of the investigation was limited to Plaintiff's allegations that due to her race and physical disability: 1) her route was adjusted on May 29, 1993, and she was no longer able to use a push cart; 2) she was issued a 7–day suspension for attendance deficiencies on October 19, 1993; and 3) she was issued a 14–day suspension for attendance deficiencies on November 23, 1993. (*Id.*).[1]

---

1. The letter also advised Plaintiff that if she disagreed with the issues as they were defined in the letter she must respond in writing to the letter within seven days. The record contains no such response from Plaintiff.

In a letter dated October 11, 1996, the Postal Service notified Plaintiff that she would be separated from the Postal Service effective October 19, 1996. (Pl.'s Ex. 41). The letter explained that:

Records indicate that you have been in a nonpay status for over one (1) year. Postal regulations do not require the Postal Service to retain employees on its rolls who exceed one (1) year in a nonduty status. Specifically, Section 365 of the ELM which states in part:

C. At the expiration of one (1) year's continuous absence without pay, an employee who has been absent because of illness may be separated for disability.

(*Id.*). The letter then stated that a determination had been made to separate Plaintiff from the Postal Service effective October 19, 1996.

During the prehearing conference regarding Plaintiff's EEO complaint on March 26, 1998, Plaintiff attempted to raise her removal from the Post Office as a new issue. (*See* Defs.' Ex. C. at 1). On June 16, 1998, the Postal Service issued a final agency decision regarding the removal issue. (*See* Defs.' Ex. C). The decision noted that:

On April 8, 1998, EEOC Administrative Judge Mimi M. Gendreau remanded the complaint file back to the agency. Complainant had raised her removal from the agency dated October 11, 1996, as a new issue during the prehearing conference on March 26, 1998. EEO counselor/investigator Kerry Bernard stated that during the processing of the complainant's case in August, 1997, she provided him with a copy of her removal notice while she was responding to his investigative questions. However, the complainant never informed Bernard that her removal from the agency was an issue. Bernard reviewed the EEO office records for any reference to the complainant's contact regarding the removal issue and he found none.

(*Id.* at 1). The decision also stated that "EEOC regulation 29 C.F.R. § 1614.105(a)(1), requires that a complaint of discrimination be brought to the attention of an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action." (*Id.* at 1–2). As the removal issue was raised beyond the 45 day limitation period, the removal issue was dismissed for untimely contact with an EEO Counselor. (*Id.* at 2). The decision notified Plaintiff that if she was dissatisfied with the agency's decision she could file a civil action or, alternatively, she could file an appeal with the Office of Federal Operations Equal Employment Opportunity Commission. (*Id.* at 2–3).

Plaintiff filed a timely appeal with the Commission on August 20, 1998. (*See* 11/8/99 Decision, attached as Defs.' Ex. D). In the appeal, Plaintiff challenged the agency's decision to dismiss her claim of discrimination based on her removal and expressed concern that the agency did not address her other three allegations in its Final Agency Decision ("FAD"). (*Id.* at 2). The Commission affirmed the agency's dismissal of Plaintiff's claim regarding her removal. (*Id.*). In response to Plaintiff's concern that her other issues were not addressed in the FAD, the Commission noted that the FAD only addressed Plaintiff's removal claim and that her remaining claims are still pending. (*Id.* at n. 2). The Commission also notified Plaintiff of her right to seek reconsideration or file a civil action. (*Id.* at 3–4).

Plaintiff then initiated a request for reconsideration of the Commission's November 8, 1999 decision. However, after reviewing the request for reconsideration, the relevant decision, and the record, the

Commission denied Plaintiff's request for reconsideration. (*See* 6/11/01 Denial of Request for Reconsideration, attached to Pl.'s Complaint).[2] The Commission also notified Plaintiff of her right to file a civil action within 90 days. (*Id.*).

On August 14, 2001, Plaintiff filed suit against Defendants [3] in this Court, alleging that she had been wrongfully discharged.

On October 31, 2001, Defendants filed a motion to dismiss or for summary judgment. Although the Court's clerk mailed Plaintiff a Notice Regarding Motion Practice that, among other things, notified Plaintiff that a response to a dispositive motion must be filed within 21 days after service of the motion, Plaintiff has not filed a response to Defendants' motion.

*Standard of Review*

Rule 56 (c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment when "the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." There is no genuine issue of material fact for trial unless, by viewing the evidence in favor of the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Boddy v. Dean*, 821 F.2d 346, 349 (6th Cir.1987). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted."

*Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511.

**Discussion**

In their motion, Defendants assert that Plaintiff's complaint must be dismissed because Plaintiff failed to exhaust her administrative remedies.[4] The Court agrees.

Title VII of the Civil Rights Act of 1964 governs this action, as it is the exclusive judicial remedy for claims of discrimination in federal employment. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The right to bring an action under Title VII is predicated upon the timely exhaustion of administrative remedies. *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir.1991). The administrative procedures pertaining to federal employment discrimination are found at 29 C.F.R. § 1614. "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If the problem is not resolved through counseling, the counselor issues a written notice of right to file an administrative complaint. Such complaint must be filed, in writing, within 15 days of receipt of the notice. 29 C.F.R. § 1614.105(d).

In this case, Plaintiff received a notice of removal from the Postal Service on October 11, 1996. However, there is no evidence in the record to suggest that Plaintiff sought EEO counseling relative to her

---

2. The Court notes that while most of the exhibits attached to Plaintiff's complaint are numbered, this exhibit was not numbered. This exhibit immediately precedes the exhibit marked as Exhibit 1.

3. It does not appear that Defendants Tawril and Farin have been served.

4. The Court notes that Defendants also assert that the individual Defendants should be dismissed because they are not employers under Title VII. (*See* Defs.' Br. at 3–5). However, given the Court's conclusion that Plaintiff has failed to exhaust her administrative remedies with respect to the claim raised in her complaint, the Court need not address that issue.

removal within 45 days of that personnel action.

Kerry Bernard was Plaintiff's EEO Counselor/Investigator during the relevant time period and "was assigned to perform the investigation in the matter." (Defs.' Ex. B at 1). Bernard states that "[a]t no time during my handling of the file did [Plaintiff] raise the issue of her termination. I had no knowledge that [Plaintiff] was terminated until she merely attached a Notice of Removal to her answer to investigative questions in August of 1997." (*Id.*). Bernard also states that:

> During the time I worked in the EEO office, EEO Counselor's/Investigators were fastidious in keeping a log of each and every individual contacting our office for EEO Counseling. I searched this log for the six (6) month period following the issuance of Complainant's Notice of Termination. I did not find any reference to her contacting EEO about this issue in the log. Thus, [Plaintiff] neither raised the issue of her termination with me or any other Counselor/Investigator in this office.

(*Id.*).

Thus, although it appears that Plaintiff did notify Bernard of her removal in August of 1997, it is unclear whether Plaintiff exhibited any intent to pursue her removal as a claim. In any event, even if Plaintiff *did* raise the removal issue in August of 1997 and express an intent to pursue it as a claim, such contact was still beyond the requisite 45 day time period for initiating EEO contact with respect to that claim.

## Conclusion

Accordingly, for the reasons set forth above, Defendants' motion for summary judgment shall be granted. A Judgment consistent with this Opinion shall issue forthwith.