GOLDMAN v WAYNE STATE UNIVERSITY BOARD OF
GOVERNORS

Docket No. 85234. Submitted January 22, 1986, at Detroit. Decided
March 26, 1986.

Plaintiff, Gershon A. Goldman, brought an action in the Wayne
Circuit Court for injunctive relief and damages against the
Board of Governors of Wayne State University and Edward
Trowbridge, a member of the University's Pre-Professional
Advisory Committee, alleging defamation and denial of due
process. The purpose of the Pre-Professional Advisory Commit-
tee is to assist students in applying to health profession schools.
In so doing, the committee rated students on a ten-point scale
and submitted letters of recommendation to interested gradu-
ate schools. The committee refused to rate plaintiff and de-
clined to recommend him for admission to medical school.
Plaintiff was denied admission to all the schools to which he
applied. The court, James Montante, J., granted summary
judgment for defendants on the defamation claim, holding that
there was no genuine issue as to the existence of malice.
Plaintiff stipulated to the dismissal of the claim of denial of due
process. Plaintiff appealed. *Held:*

A general allegation of malice is insufficient to establish the
showing of actual malice required to withstand a motion for
summary judgment in a libel action involving a qualifiedly
privileged communication. Plaintiff made no offer of proof of
facts from which malice might have been inferred.

Affirmed.

1. LIBEL AND SLANDER — MALICE — KNOWLEDGE OF FALSITY.

Actual malice in a libel action is shown where the writing in
question is made with knowledge that it is false or with a
reckless disregard for whether or not it is false.

REFERENCES

Am Jur 2d, Libel and Slander §§ 8, 174, 175, 234, 370, 386, 454, 459.

What constitutes actual malice within federal constitutional rule
requiring public officials and public figures to show actual malice.
20 ALR3d 988.

See also the annotations in the ALR3d/4th Quick Index under New
York Times Rule.

2. LIBEL AND SLANDER — MALICE — PLEADING.

    A general allegation of malice is insufficient to establish the showing of actual malice required to withstand a motion for summary judgment in a libel action involving a qualifiedly privileged communication.

*Fieger & Fieger, P.C.* (by *Bernard J. Fieger*), for plaintiff.

*Patricia Eames,* General Counsel, *Michael J. Kiley,* Associate General Counsel, and *Kenneth A. McKanders* and *Maria G. Alfaro-Lopez,* Assistants General Counsel, for defendants.

Before: M. J. KELLY, P.J., and SHEPHERD and M. R. KNOBLOCK,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10), dismissing his action for injunctive relief and for damages sustained as a result of defendants' defamatory conduct. We affirm.

In 1981, Wayne State University operated a Pre-Professional Advisory Committee for the purpose of assisting students in their application to health profession schools. The committee was comprised of faculty members and academic advisers. A student utilizing the services of the committee was first interviewed by an advisor. The advisor's opinion of the student was then combined with the student's transcript, MCAT score and letters of recommendation and reviewed by the entire committee, which then ranked the student on a scale of one to ten. The ranking and a letter of recommendation were submitted to interested graduate schools.

Sometime in 1981, plaintiff advised defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Edward Trowbridge, a member of the committee, that he intended to apply to medical school. Plaintiff was advised to submit letters of recommendation to the committee, which he did, and an interview was scheduled with Trowbridge on July 30, 1981. During the course of the interview, Trowbridge learned that one of the letters of recommendation submitted by plaintiff had been written by plaintiff's mother, an English professor at Wayne. Trowbridge informed plaintiff that it was improper to include this letter since the letter failed to acknowledge the writer's relationship with plaintiff. Although plaintiff did not acknowledge any impropriety, he deferred to Trowbridge's judgment and the letter was not sent.

On October 6, 1981, the committee met to review and discuss plaintiff's file. Following this meeting, Trowbridge learned that plaintiff had been enrolled in his mother's English class which met on the same day and time as a chemistry class in which plaintiff was also enrolled. Plaintiff received an A in both classes but admitted that he had never attended his mother's English class.

Based on this information and Trowbridge's own doubts about plaintiff's academic ability, the committee declined to recommend plaintiff for admission to medical school. The committee drafted a letter, dated October 22, 1981, which refused to rank plaintiff and expressed "doubts about his suitability for a profession that values personal integrity." Pursuant to standard procedure, the committee's letter was forwarded with plaintiff's academic records to medical schools which plaintiff designated. Plaintiff was denied admission to all of the schools to which he applied.

Plaintiff filed this complaint on January 28, 1982, alleging that the statements in the letter were without any factual basis and were made

maliciously and "solely for the purpose of injuring plaintiff." Plaintiff attributed his medical school rejections to the letter and sought damages for libel as well as an order enjoining future distribution of the letter. Plaintiff subsequently filed an amended complaint adding a second count, which alleged denial of due process.

After the completion of discovery, defendants filed a motion for summary judgment on December 20, 1984, pursuant to GCR 1963, 117.2, subds (1) and (3). The trial court granted defendant's motion on December 20, 1984, as to the libel claim only. Plaintiff subsequently filed an application for leave to appeal to this Court, which was denied by order of April 26, 1985. Plaintiff thereafter stipulated to the dismissal of his due process claim in order to pursue his right to appeal the court's dismissal of his libel claim.

The issue here is whether there is sufficient evidence of malice to raise a genuine issue of material fact for submission to a jury. The trial court concluded that there was not and we agree.

To sustain his libel cause of action, plaintiff must show that defendants wrote the letter of October 22, 1981, with knowledge that it was false or with reckless disregard for its truth or falsity. *Swenson-Davis v Martel,* 135 Mich App 632, 637; 354 NW2d 288 (1984), lv den 419 Mich 946 (1984). Contrary to plaintiff's argument on appeal, conclusory allegations in his complaint to the effect that the statements in the letter were made maliciously and without any basis in fact are simply not enough to withstand defendants' motion for summary judgment. It is a well-established rule of law that general allegations of malice will not suffice to establish a genuine issue of material fact. *Regualos v Community Hospital,* 140 Mich App 455, 462-463; 364 NW2d 723 (1985); *Swenson-Davis v*

*Martel, supra.* Plaintiff does not support his general allegations of malice with any facts from which the existence of malice might be inferred. On the contrary, all indications are that the committee's opinion, as set forth in the letter, is based on true and undisputed facts.

Plaintiff contends that he was not required to present his case in response to defendants' motion for summary judgment. We agree. It was, however, incumbent upon him to show that factual support existed for his libel claim. *Dienes v Assoiciated Newspapers, Inc,* 137 Mich App 272, 279; 358 NW2d 562 (1984), lv den 419 Mich 962 (1984). Plaintiff failed to do so and the trial court did not err in granting summay judgment.

Affirmed.