DALTON v HERBRUCK EGG SALES CORPORATION

Docket No. 93710. Submitted March 4, 1987, at Grand Rapids. Decided July 31, 1987.

David Dalton brought an action in the Ionia Circuit Court against Herbruck Egg Sales Corporation alleging breach of express and implied employment contracts and slander to a prospective employer. The implied contract plaintiff claimed arose from an employee handbook which provided both a just cause termination policy and a termination at will policy. The court, Charles W. Simon, Jr., J., granted summary disposition on all counts, finding no express or implied contract and no facts from which actual malice might be inferred. Plaintiff appealed.

The Court of Appeals *held:*

1. The court correctly found no express contract.

2. The court erred in finding no implied contract. The question of whether an employment contract with a just cause termination policy has been formed is a question of fact to be resolved by the jury where the policy manual provides both a termination for cause policy and a termination at will policy.

3. The court correctly dismissed the slander claim. Statements made by a former employer about his former employee to a prospective employer and at the prospective employer's request are protected by a qualified privilege, and, in order to be entitled to damages for defamation, the former employee must show that the statements were made with actual malice. A general allegation of malice is insufficient to establish the

REFERENCES

Am Jur 2d, Libel and Slander §§ 102, 174, 322-324.

Am Jur 2d, Master and Servant §§ 16, 27, 43, 45, 49.

Defamation: loss of employer's qualified privilege to publish employee's work record or qualification. 24 ALR4th 144.

Liability for discharge of at-will employee for in-plant complaints or efforts relating to working conditions affecting health or safety. 35 ALR4th 1031.

Libel and slander: privileged nature of communication to other employees or employees' union of reasons for plaintiff's discharge. 60 ALR3d 1080.

See also the annotations in the Index to Annotations under Impairment of Contract, Labor and Employment, Libel and Slander.

showing of actual malice required to withstand a motion for summary judgment in a libel action involving a qualifiedly privileged communication.

Affirmed in part and reversed in part.

1. MASTER AND SERVANT — TERMS OF EMPLOYMENT — EMPLOYMENT POLICY MANUALS.

The question of whether an employment contract with a just cause termination policy has been formed is a question of fact to be resolved by the jury where the policy manual provides both a termination for cause policy and a termination at will policy.

2. LIBEL AND SLANDER — QUALIFIED PRIVILEGE — EMPLOYERS — ACTUAL MALICE.

Statements made by a former employer about his former employee to a prospective employer and at the prospective employer's request are protected by a qualified privilege, and, in order to be entitled to damages for defamation, the former employee must show that the statements were made with actual malice.

3. LIBEL AND SLANDER — MALICE — PLEADING.

A general allegation of malice is insufficient to establish the showing of actual malice required to withstand a motion for summary judgment in a libel action involving a qualifiedly privileged communication.

*Dunnings & Frawley, P.C.* (by *John J. Frawley*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for defendant.

Before: GRIBBS, P.J., and D. F. WALSH and J. F. FOLEY,* JJ.

PER CURIAM. Plaintiff, David Dalton, appeals from the trial judge's grant of summary disposition against him pursuant to MCR 2.116(C)(10) on his claims that defendant breached either an express or implied employment contract with him and slandered him. We affirm in part and reverse in part.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff, a truck driver, delivered eggs to supermarkets for defendant. On September 12, 1983, plaintiff appeared for work and was told that he would be driving truck tractor No. 16. Because of his past experiences of highway breakdowns with No. 16, plaintiff informed an assistant supervisor that he would not drive No. 16, but that instead he would perform a double run the following day when another truck was available. Plaintiff testified that, from his experience, customer supermarkets were not fussy about exactly when eggs were delivered so long as the deliveries were made and the supermarkets remained stocked. When plaintiff returned to work the following day, he was terminated.

Plaintiff filed a six-count complaint, with five of the counts relating to plaintiff's allegation that defendant had breached either an express or implied employment contract (Counts I, II, IV, V and VI). In addition, plaintiff claimed he was slandered by defendant's statements to a prospective employer who contacted defendant concerning plaintiff's employment history (Count III). The trial judge granted defendant's motion for summary disposition because of a disclaimer in the personnel handbook which stated that the handbook was not an employment contract and plaintiff's admission that he had read the disclaimer and understood it. The trial judge also dismissed plaintiff's slander claim, finding that the malice in defendant's statements was not sufficient to overcome defendant's qualified privilege.

On appeal, in support of his employment contract claim, plaintiff relies on the personnel handbook which provides for a progressive form of discipline leading up to termination. Under the handbook, plaintiff's unauthorized absence from work would be categorized as a "Level 1" discipli-

nary action. The handbook provides for a four-step disciplinary process for Level 1 offenses with step 1 being a verbal warning and step 2 a written warning. Since plaintiff had never been previously disciplined, had the handbook been strictly followed, he would have received only a verbal warning for his unauthorized absence. However, one provision of the handbook provides that "[b]oth the employee and Herbrucks have the right to terminate the employment arrangement at any time deemed necessary by either party without specific cause or reason." Another provision provides that "[t]his manual does not constitute a contract. The company reserves the right to review policies and to change the benefits and procedures contained herein at any time."

A copy of the employee handbook provided for our review on appeal contained an acknowledgment form to be signed by the employee, but there is no evidence that plaintiff signed such an acknowledgment. Plaintiff testified that he read the policy manual and felt the provisions meant the employer could change the rules at any time. There is no evidence that the employer changed any of the policies in the handbook prior to the discharge of plaintiff.

The seminal case in Michigan on wrongful discharge is *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980). One of the conclusions reached by our Supreme Court in *Toussaint* was that an expectation that an employee would not be discharged except for just cause may become legally enforceable as a result of an employee's legitimate expectations grounded in an employer's policy statements. *Id.,* p 598. The Court also stated:

Employers can make known to their employees

that personnel policies are subject to unilateral changes by the employer. Employees would then have no legitimate expectation that any particular policy will continue to remain in force. Employees could, however, legitimately expect that policies in force at any given time will be uniformly applied to all. If there is in effect a policy to dismiss for cause only, the employer may not depart from that policy at whim simply because he was under no obligation to institute the policy in the first place. Having announced the policy, presumably with a view to obtaining the benefit of improved employee attitudes and behavior and improved quality of the work force, the employer may not treat its promise as illusory. [*Id.*, p 619.]

We believe that the trial judge erred in dismissing plaintiff's action because a jury question existed concerning whether there was an implied employment contract between the parties. The employee handbook, while providing that its provisions were not a contract and that an employee could be terminated at will, also set forth provisions from which plaintiff could have concluded that he would not be reprimanded for his conduct or, at the very most, would receive only a verbal warning. The tenor of the entire handbook is that all employees will be fairly and justly treated in accordance with the procedures set forth in the handbook. Where a policy manual provides both a "for cause" termination policy and a terminable at will policy, the question whether an employment contract with a just cause termination policy has been formed is a question of fact to be resolved by the jury. *Schipani v Ford Motor Co,* 102 Mich App 606; 302 NW2d 307 (1981). Consequently, the trial judge erred in dismissing Count iv of plaintiff's complaint, alleging that defendant breached an implied contract founded on defendant's personnel handbook, and Count ii, seeking reinstatement.

Summary disposition was properly granted as to Count I alleging violation of an express employment contract, *Toussaint, supra,* and Counts V and VI alleging wilful violation of a contract and the intentional infliction of mental distress. *Valentine v General American Credit, Inc,* 420 Mich 256; 362 NW2d 628 (1985).

Next, addressing plaintiff's slander claim, we find that the trial judge properly granted summary disposition.

Plaintiff's complaint contained a general allegation that defendant had told a prospective employer that plaintiff was unreliable. In his deposition, plaintiff testified that a "Brenner" or "Brunner" at Columbia Trucking informed him that Herbrucks stated that plaintiff was not very reliable. Plaintiff appears to concede that the communication to Columbia Trucking was conditionally privileged. *Wynn v Cole,* 91 Mich App 517; 284 NW2d 144 (1979). We agree. Therefore, in order to recover, plaintiff had the burden of proving that defendant's statement was false and made with malice or reckless disregard of the truth. *Goldman v Wayne State University Bd of Governors,* 151 Mich App 289, 292; 390 NW2d 672 (1986). In general, allegations of malice will not suffice to establish a genuine issue of material fact. *Regualos v Community Hospital,* 140 Mich App 455, 462-463; 364 NW2d 723 (1985).

We agree that the plaintiff failed to supply the trial judge with any fact from which the existence of malice could be inferred. Plaintiff's allegations that defendant told persons that plaintiff was unreliable did not meet this requirement. Summary disposition pursuant to MCR 2.116(C)(10) was proper.

Affirmed in part and reversed in part. We do not retain jurisdiction.