**Harley VOLLRATH, Plaintiff–Appellant,**

v.

**GEORGIA–PACIFIC CORPORATION, Defendant–Appellee.**

No. 89–1207.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 25, 1990.

Decided March 30, 1990.

Rehearing and Rehearing En Banc Denied May 31, 1990.

Donald J. Gasiorek and Lionel J. Postic (argued), Sommers, Schwartz, Silver & Schwartz, Southfield, Mich., for plaintiff-appellant.

Diane M. Soubly (argued), Miller, Canfield, Paddock & Stone, Detroit, Mich., Charles S. Mishkind, Miller, Canfield, Paddock & Stone, Grand Rapids, Mich., and Gloria J. Shanor, Georgia–Pacific Law Dept., Atlanta, Ga., for defendant-appellee.

Before KENNEDY and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Vollrath, a former high-level management employee for appellee Georgia–Pacific Corporation, appeals the summary judgment of dismissal of his complaint alleging wrongful discharge in violation of an implied employment contract terminable only for cause. Vollrath asserts that there remain questions of material fact regarding his claim of wrongful termination. We find that there is no genuine issue as to any material fact and that appellee is entitled to a judgment as a matter of law. Accordingly, we AFFIRM the District

Court's order granting Georgia–Pacific's Motion for Summary Judgment.

Georgia–Pacific operates a small paper mill in Kalamazoo, Michigan. It hired appellant to work as a utility person on or around April 13, 1967. Appellant later became an electrician-millwright. In 1983, appellee promoted appellant to the position of Area Maintenance Supervisor of the Kalamazoo mill. In January 1986, appellant accepted the newly created position of Field Maintenance Representative. On April 7, 1986, he was discharged from that position.

Appellant alleges that appellee discharged him without just cause and without providing him an opportunity to return to the Area Maintenance Supervisor position, thereby breaching a contractual obligation. Appellant claims that he had a legitimate expectation of dismissal only for cause based upon representations made by the Kalamazoo plant manager. First, appellant claims that the plant manager represented to him in informal conversations that he would continue in employment as long as he continued to do his job. Second, appellant provides evidence of a memorandum given to him by the plant manager around March of 1984, which stated:

> As mutually agreed upon, in the event that problems arise in Harley's performance as Maintenance Superintendent, he will be given the option to return to Area Supervisor.

Appellee maintains that Vollrath was an employee terminable at will. Further, appellee argues that Vollrath was discharged because his position was eliminated for economic reasons as part of a gradual reduction in the work force at the Kalamazoo facility.

Appellee bases its assertion that appellant was an employee at will on the fact that in 1983 appellee had prepared and distributed an Operating Policy Manual (OPM) to certain salaried supervisory employees, including appellant.

In 1985, appellee updated its OPM, further clarifying its at will policy. The 1983 OPM provides, in relevant part:

> It is the policy of Georgia–Pacific that the employment and compensation of any employee can be terminated, with or without cause, at any time, at the option of the employee or at the option of the company. No employee or representative of Georgia–Pacific, other than the Chief Executive Officer or the Corporate Director—Employee Relations and Administrative Services, has any authority to enter into any agreement extending the employment of any employee for any specified period of time, or to make any agreement contrary to the foregoing.

The 1985 OPM provides in relevant part:

> It is the policy of Georgia–Pacific that the employment and compensation of any employee can be terminated, with or without cause, at any time, at the option of the employee or at the option of the company. Specific procedures to be followed depend upon the circumstances of the termination. Any questions about this policy should be referred to the office of the Vice President—Human Resources.

Later, it provides:

> 5. **Other Involuntary Discharges.** There may be grounds for discharge other than those discussed above. This discussion is not meant to be inclusive or to limit in any way management's freedom to discharge an employee at any time for any reason not prohibited by law.

■ In reviewing the District Court's grant of summary judgment, we are required to review "de novo" the District Court's findings. *Burkart v. Post–Browning, Inc.*, 859 F.2d 1245, 1249 (6th Cir. 1988). Summary judgment is appropriate where:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). A material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict

for that party. *Boddy v. Dean,* 821 F.2d 346, 349 (6th Cir.1987).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record demonstrating the absence of a material issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Potters Medical Center v. City Hosp. Ass'n,* 800 F.2d 568, 572 (6th Cir.1986). The non-moving party must then go beyond the pleadings and come forward with specific facts showing that there is a genuine issue of material fact. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. If after adequate discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his or her claim, summary judgment is appropriate. Fed.R.Civ.P. 56(e).

■ Under Michigan law, "[e]mployers and employees remain free to provide, or not to provide, for job security. Absent a contractual provision for job security, either the employer or the employee may ordinarily terminate an employment contract at any time for any, or no, reason." *Valentine v. General American Credit, Inc.,* 420 Mich. 256, 258–59, 362 N.W.2d 628, 629 (1984) (footnote omitted). However, where an employer adopts a policy of discharge only for cause, through either formal or informal actions, an employee has a right to rely on that policy and may not be discharged in violation of such a policy. *Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 598, 292 N.W.2d 880, 884–85 (1980). Therefore, in order to withstand defendant's motion for summary judgment, appellant must demonstrate that a genuine issue of material fact exists as to whether Georgia–Pacific, through formal or informal actions, adopted a policy of discharge only for cause.

■ Both the 1983 and the 1985 OPMs explicitly set forth Georgia–Pacific's at will policy with respect to terminations. Neither of the bases upon which appellant claims his expectation of dismissal only for cause rested persuade us that this policy was modified once it was established.

Vollrath's assertion that the plant manager told him and others on numerous occasions that he would not lose his job if he did his job established at most a subjective expectation of dismissal only for cause. As the District Court noted, comments regarding continued employment such as chances are "very good" do not affect the company's termination policy. *See Pratt v. Brown Mach. Co.,* 855 F.2d 1225, 1234 (6th Cir.1988). Further, a " 'subjective expectation does not create an enforceable contract right.' " *Dell v. Montgomery Ward and Co.,* 811 F.2d 970, 974 (6th Cir.1987) (quoting *Sepanske v. Bendix Corp.,* 147 Mich. App. 819, 827, 384 N.W.2d 54, 58 (1985)).

The memorandum written from the plant manager to Vollrath did not create an implied contract, for it was written at the time the 1983 OPM was in effect, and the written 1983 at will policy specifically indicated that it could not be modified except by the Chief Executive Officer of the corporation. Further, Vollrath admitted in his deposition that he was aware that the company could unilaterally change its policies and that he would be bound by them. In *Toussaint,* 408 Mich. at 619, 292 N.W.2d at 895, the court states that "[e]mployers can make known to their employees that personnel policies are subject to unilateral changes by the employer. Employees would then have no legitimate expectation that any particular policy will continue to remain in force."

Appellant attempts to rely upon *Dalton v. Herbruck Egg Sales Corp.,* 164 Mich. App. 543, 417 N.W.2d 496 (1987), wherein the Michigan Court of Appeals held, "Where a policy manual provides both a 'for cause' termination policy and a terminable at will policy, the question of whether an employment contract with a just cause termination policy has been formed is a question of fact to be resolved by the jury." *Id.* at 547, 417 N.W.2d at 498. Even if two termination policies were provided for by Georgia–Pacific in the present case, this case is not analogous to *Dalton,* for the Georgia–Pacific policy manuals

clearly provide only for an at will termination policy. Appellant argues that the for cause termination policy arose through a separate statement, not through the manuals. In appellant's initial statement of facts, he claims that the oral statement on which he relied occurred after the issuance of the 1983 and 1985 OPMs. Furthermore, as appellant admits, this Court has held that "we need not blindly follow such precedent [*Dalton*] where we are 'convinced by other persuasive data that the highest court of the state would decide otherwise,'" and that "*Dalton* is inconsistent with the teachings of *Toussaint* and its progeny...." *Pratt v. Brown Mach. Co.*, 855 F.2d at 1234 n. 11 (citing *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1140 (6th Cir.1986)) (quoting *Clutter v. Johns–Manville Sales Corp.*, 646 F.2d 1151, 1153 (6th Cir.1981)).

In his reply brief, appellant argues that the present case is similar to *Bullock v. Automobile Club of Michigan*, 432 Mich. 472, 444 N.W.2d 114 (1989). In *Bullock*, appellant argues, the court indicated that the issuance of an employee manual containing an at will disclaimer does not effectively modify an express employment contract which preceded the manual. The plaintiff in *Bullock*, an insurance salesman, alleged that when he was hired he was promised he could continue to receive 7% commission on his "book of business," the accumulated memberships and policies he built up over the years. After plaintiff had worked under this agreement for a number of years, the employer revised that program so that instead of a percentage of the commissions on those memberships and policies, the salesman received only a certain amount for each, an amount less than the percentage. Plaintiff failed to generate the required minimum commissions under the revised program and was discharged. The court held that there was an issue of fact as to whether there had been a breach of the express promise to pay 7% commissions on an agent's "book of business." Plaintiff here did not rely on an express contract. Rather he was relying upon an employer's policy statements.

Those policy statements could be and were modified by the written policy statement.

Appellant also asserts in his reply brief that his deposition testimony indicated that he does not recall reading the at will language of the 1985 OPM. Later in his deposition testimony, however, Vollrath admitted that he had read it. Although at an earlier deposition he indicated that he did not recall reading the termination section of the OPM, the latter testimony was taken after his wife found his copy of the manual, and this event seemed to jog appellant's memory. Moreover, appellant "may not create a dispute of fact concerning an issue about which he has no recollection." *Pratt*, 855 F.2d at 1233.

We conclude that appellant has not met his burden of coming forward with specific facts showing that there is a genuine issue of material fact. Accordingly, we AFFIRM the District Court's order granting Georgia–Pacific's Motion for Summary Judgment.