917 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juivonne LITTLEJOHN, Plaintiff-Appellant,
v.
John HAWLEY, Security Classification Committee Members, et
al., Defendants-Appellees.
 No. 90-1011.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1990.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and MEREDITH, District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed a 42 U.S.C. Sec. 1983 complaint and an amended complaint against the deputy warden and members of the Security Classification Committee. He alleged that he has been improperly confined to administrative segregation and that his right of access to the courts has been denied because he has been deprived of legal papers and access to a law library. The district court granted summary judgment to the defendants and dismissed the complaint. Plaintiff sought reconsideration which was denied. Plaintiff appealed.
 
 
 4
 As a preliminary matter, jurisdiction of this court must be resolved. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 740 (1976). The opinion and judgment of the district court were filed and entered June 12, 1989. On November 20, plaintiff filed a document entitled "Notice of Appeal and Motion for Reconsideration." The document was treated as a motion for reconsideration by the district court. Such document was not filed within the thirty-day appeal period provided by Fed.R.App.P. 4(a)(1), nor does it appear to have been served within the ten-day period provided for rehearings in Fed.R.Civ.P. 59(e). Such motion, however, may be treated as a Fed.R.Civ.P. 60(b) motion for relief from judgment. See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668 (5th Cir.) (en banc), cert. denied, 479 U.S. 930 (1986). It did not toll the appeal period. See Fed.R.App.P. 4(a)(4). As a result, the notice of appeal cannot be treated as appealing the judgment but is only an appeal from the Rule 60(b) denial.
 
 
 5
 An abuse of discretion standard is applied to review Rule 60(b) rulings. In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986); Smith v. Secretary of HHS, 776 F.2d 1330, 1332 (6th Cir.1985). No errors of law or fact were presented in the Rule 60(b) motion; thus, the district court did not abuse its discretion in denying the motion.
 
 
 6
 Even if the appellant had filed a timely notice of appeal from the judgment, the district court did not err in dismissing the complaint. The plaintiff failed to make a showing sufficient to establish elements of his claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Vollrath v. Georgia-Pacific Corp., 899 F.2d 533, 535 (6th Cir.1990).
 
 
 7
 It is ORDERED that the order denying the Fed.R.Civ.P. 60(b) motion be, and it hereby is, affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation