991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David E. BLANK, Plaintiff-Appellant,
v.
Olga S. PEERS; Board of Trustees of the University of
Louisville; University of Louisville; Thomas h.
Lyons; Victor A. Olorunsola; Wallace
V. Mann; David C. Swain,
Defendants-Appellees.
 No. 92-5687.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1993.
 
 Before JONES and SUHRHEINRICH, Circuit Judge, and WELLFORD, Senior Circuit Judge.
 WELLFORD, Senior Circuit Judge.
 
 
 1
 Plaintiff, David E. Blank, a tenured political science professor with 22 years of service with the defendant, University of Louisville ("University"), sued a number of top officials and the University over his termination. The defendants maintained that Blank's growing hostility toward both colleagues and administrative personnel stifled University attempts to implement academic and administrative decisions regarding Blank. Blank claims that actions of defendants denied him both procedural and substantive due process and abridged his First Amendment rights. Blank sued under 42 U.S.C. § 1983, and now appeals the district court's grant of summary judgment to all defendants.
 
 
 2
 The evidence reflects that beginning in 1982, Blank suspected that various members of his department and the administration were determined to cause his demise at the University. He initiated numerous grievances, and was the subject of others, arising from his perception of mistreatment. In 1982, Blank met with an associate dean to report what he felt was racial discrimination by his colleagues in the Political Science Department against a black professor. Sometime after that controversy subsided, (after the black professor resigned, but with no proof of racial motivation), Blank filed suit in state court against various members of the University whom he alleged had retaliated against him by forging his name on a workload agreement or assignment.
 
 
 3
 Blank's problems with his colleagues continued unabated after this state action was finally resolved.[1] Blank claims that the defendants displaced him from his office and that they delayed the delivery of his mail, while the defendants assert that Blank refused to accept his mail. There was also a dispute concerning salary; the University admitted a salary mistake and corrected it.
 
 
 4
 Blank filed grievances asking that one faculty member recuse himself from participating in decisions affecting him, and he demanded that two secretaries be transferred. By 1990, Blank's relationship with the University had so deteriorated that the College of Arts and Sciences initiated removal proceedings against Blank and recommended his termination.
 
 
 5
 A tenured professor at the University of Louisville may be dismissed only for reasons of incompetence, neglect of his duties, immoral conduct or proven misconduct. The Committee recommended Blank's dismissal on the following basis:
 
 
 6
 The Committee ... finds that Blank neglected or refused to perform certain duties as set forth in the statement of charges [which] substantially impaired Blank's effectiveness as a faculty member.... The committee finds that Blank's role has not been that of the dedicated professor pointing out the misdeeds of those around him for the benefit of all, but that of an instigator of a series of frequent, deliberate attempts, over a period of years, to intimidate those whom he perceived as denying him the perquisite [sic] he desired. To these intimidation attempts, Blank has added pursuit of a course of deliberate non-cooperation with legitimate requests of administrators which has impeded the smooth operation of his Department and his School.
 
 
 7
 Blank appealed this recommendation to the University Faculty Grievance Committee, which denied his appeal. Defendant University president accepted the Committee's recommendation and the Board of Trustees unanimously affirmed the termination, after hearing argument by Blank's counsel.
 
 
 8
 Blank originally filed this action in state court, but the defendants all agreed to remove the action to federal court. Title 28, U.S.C. § 1441 entitles defendants to remove any action in which the district courts have original jurisdiction to the district court embracing the place where the state action is pending.
 
 
 9
 The district court granted summary judgment against Blank on all counts. This court reviews grants and denials of summary judgment de novo. McAdoo v. Dallas Corp., 932 F.2d 522, 523 (6th Cir.1991); Vollrath v. Georgia Pacific Corp., 899 F.2d 533 (6th Cir.), cert. denied, 111 S.Ct. 345 (1990).
 
 
 10
 Summary judgment is appropriate when the moving party shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The "new era" of summary judgment requires a court to ask, " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989). Although the party opposing summary judgment need not produce evidence that would be admissible at trial, Celotex Corp. v. Catrett, 477 U.S. 312 (1986), he must present "affirmative evidence in order to defeat a properly supported motion for summary judgment." J.C. Bradford, 886 F.2d at 1479 (quoting Anderson v. Liberty Lobby, 477 U.S. 242 (1986)).
 
 I. FIRST AMENDMENT CLAIMS
 
 11
 Blank alleges that the defendants terminated him in retaliation for undertaking First Amendment activity. Blank points to various episodes between 1982 and his termination that he says motivated this claimed illegal action. First, Blank recounts his attempt to expose what he claimed was a scheme of racial discrimination in his department. Second, plaintiff points to his repeated grievances to force one faculty member to recuse himself from "acting on matters concerning plaintiff," and to effect the transfer of two secretaries he alleged were "confusing his students." Blank says the University fired him, in part, because of the legal action he instituted against the University in 1984.
 
 
 12
 State agencies may not discharge employees on "a basis that infringes [the employees'] constitutionally protected interest in freedom of speech." Rankin v. McPherson, 483 U.S. 378, 383 (1987). To prevail on a First Amendment claim, a plaintiff must make two showings. First, he must show that his speech was a " 'substantial' or "motivating" factor in the employer's decision to terminate his employment." Matulin v. Village of Lodi, 862 F.2d 609, 613 (6th Cir.1988) (quoting Mount Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)). Even if a plaintiff shows that the speech was a substantial or motivating factor in his dismissal, the employer has the opportunity to prove that the plaintiff would have been fired even if he had not engaged in the protected conduct. Doyle, 429 U.S. at 287; Langford v. Lane, 921 F.2d 677 (6th Cir.1991).
 
 
 13
 Second, the plaintiff must prove that the speech that allegedly resulted in his termination was constitutionally protected. Rankin v. McPherson, 483 U.S. 378 (1987). Speech is constitutionally protected if it addresses matters of public concern and the public's interest in the conduct outweighs the defendants' interest in providing public services. Pickering v. Board of Educ., 391 U.S. 563 (1968).
 
 
 14
 The district court concluded that while Blank may have engaged in protected speech, he had presented no evidence that the University fired him because of his speech.[2] The district court found that Blank offered only two pieces of evidence even remotely capable of showing the requisite causal relationship between the speech and the termination: (1) Blank's bare allegation that dismissal proceedings were instituted because he "sought to include as part of [his] 1988-89 merit increment service presentation [his] opposition to the racial discrimination," and (2) Dr. Blank's response to the University's summary judgment motion that he "attempted to expose racial discrimination, administrative irregularities, and unprofessional conduct by a member of his department." Other than these bare, unsupported allegations, there is no real evidence that Blank's speech resulted in his termination.
 
 
 15
 In contrast, the defendants supported their reasons for firing Blank by overwhelming evidence. In the University Faculty Grievance Committee review of "Dr. David E. Blank--Charges Recommending Dismissal," the Grievance Committee painstakingly detailed the charges against Blank and included his responses. Blank was permitted to call his own witnesses and to cross examine the defendants' witnesses. In effect, Blank's response to every one of the University's charges was a denial that he engaged in the conduct or that his conduct was wrong.
 
 
 16
 Aside from his own affidavit, Blank has offered no affirmative evidence tending to show any connection between his termination and the protected speech.[3] We find the district court did not err in determining that Blank failed to raise a genuine issue of material fact because the evidence is "so one-sided that [the University] must prevail as a matter of law." Street v. J.C. Bradford Co., 886 F.2d 1472, 1479 (6th Cir.1989). The grant of summary judgment regarding Blank's First Amendment claim was not erroneous.[4]
 
 II. SUBSTANTIVE DUE PROCESS
 
 17
 Blank's principal argument that the University violated his right to substantive due process is that the entire removal proceedings were part of a vindictive plot to oust him from his long-held post.[5] Blank's "proof" on this matter amounts to his reiterated assertions that significant tension existed between himself and other faculty and administrators. From this fact alone, Blank cannot prevail on a claim that the Grievance Committee was unconstitutionally biased against him.
 
 
 18
 The standard of review when state administrative actions are attacked on federal substantive due process grounds is very narrow. The administrative action will withstand a federal substantive due process attack "unless it 'is not supportable an any rational basis' or is 'willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case.' " Pearson v. City of Grand Blanc, 961 F.2d 1211, 1221 (6th Cir.1992) (quoting First Nat'l Bank v. Smith, 508 F.2d 1371, 1376 (8th Cir.1974), cert. denied, 482 U.S. 930 (1975)).[6]
 
 
 19
 When judges are asked to review the substance of a genuinely academic decision, ..., they should show great respect for the faculty's professional judgment. Plainly, they may not override it unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment.
 
 
 20
 Regents of the Univ. of Mich. v. Ewing, 474 U.S. 214, 225 (1985); See also Gutzwiller v. Fenik, 860 F.2d 1317, 1329 (6th Cir.1988).
 
 
 21
 The district court found that the Committee considered evidence presented on each charge and also considered Blank's defenses. Noting that the Board had a full hearing transcript buttressed by supporting documents as well as the benefit of oral argument, the district court found that the Board's action was not arbitrary. Even under a less deferential standard, we would conclude that summary judgment was appropriate because the evidence strongly supported this decision. See J.C. Bradford, 886 F.2d at 1479. Considering the heavy burden Blank faced in showing a substantive due process violation, the district court's grant of summary judgment was proper on this account.
 
 III. PROCEDURAL DUE PROCESS
 
 22
 To prevail on a procedural due process claim, the plaintiff must show that he has been deprived of a property interest without due process of law. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 576-78. Before termination, due process requires that a public employee receive "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). As a tenured professor, Blank had a cognizable property interest in continued employment. Loudermill, 470 U.S. at 546. The only question is whether the termination hearings afforded Blank due process.
 
 
 23
 Blank first alleges that the University failed to adhere to its own rules.[7] Next, Blank complains that the committee was not impartial. Finally, Blank claims that he was denied any "meaningful" notice and right to counsel.
 
 
 24
 Although departure from the University's procedural handbook may raise state law issues,[8] it does not necessarily state a federal due process claim. Bates v. Sponberg, 547 F.2d 325, 332. In Bates, the Board of Regents failed to review the record when voting to affirm the Grievance Committee's recommendation to discharge a tenured professor. Although this was a technical violation of the Faculty Handbook, the court held that the Board's action may have raised a valid state administrative law claim, but that it did not implicate the Due Process Clause. Bates, 547 F.2d at 330. The crucial question was "whether the hearing accorded [the professor] was meaningful." Bates, 547 F.2d at 332.
 
 
 25
 In this case, Blank was provided with notice of the charges brought against him and a full opportunity to be heard. Contrary to his assertion, Blank was afforded the opportunity to present evidence and witnesses, to cross examine the University's witnesses, and he was represented by counsel. Blank has presented no evidence that either the Grievance Committee or the Board was biased against him. Blank has given us no evidence upon which we may conclude that the hearing he received was not meaningful. Accordingly, we find no error in disposing of Blank's procedural due process claim on summary judgment.
 
 IV. CONCLUSION
 
 26
 Blank has presented no evidence of any alleged conspiracy and he has filed to prove any of his allegations. Consequently, we AFFIRM the district court's grant of summary judgment.
 
 
 
 [1]
 The case, Dr. David E. Blank v. University of Louisville, Jefferson County, Kentucky Circuit Court, Twelfth Division, Civil Action No. 84-CI-02304, was based primarily on the claim that colleagues at the university had retaliated against him for his efforts in exposing racial discrimination. Blank's case was dismissed with prejudice on December 26, 1990
 
 
 [2]
 The University cites the Board's finding that the purpose of Blank's speech was to intimidate others rather than to expose illegal discrimination
 
 
 [3]
 Blank describes six entries in the record that he says show that his opposition to the racial discrimination was "the primary motivating reason for his wrongful dismissal in 1990." Reply Brief at 4. Blank, however, failed to include these record entries in the joint appendix; in any event, five of the six identified entries are Blank's own responses, not independent or objective evidence
 
 
 [4]
 In a footnote, the district court also concluded that even if Blank managed to raise a genuine issue regarding causation, the University succeeded in showing that Blank would have been fired for other reasons unrelated to the protected speech. Although Blank offered little evidence to refute the University's charges, the University carried its burden of proving that the termination would have occurred regardless of Blank's speech or expression. Matulin v. Village of Lodi, 862 F.2d 609, 613 (6th Cir.1988)
 
 
 [5]
 Blank also appears to argue that the University denied him substantive due process rights by forcing him to work in the same department with a professor claimed to be unorthodox and possibly violent. We deem this argument to be without merit
 
 
 [6]
 The Pearson court noted that, "the appropriate scope of substantive due process review for state and local land use actions is the same as that accorded by the Supreme Court for state academic actions." Pearson, 961 F.2d at 1222 (citing Regents of the Univ. of Mich. v. Ewing, 474 U.S. 214, 225 (1985))
 
 
 [7]
 Blank is unclear about whether he is alleging a failure to follow University REDBOOK procedures in the grievance proceedings held between 1988 and 1989, or in his termination proceeding
 
 
 [8]
 We find no evidence of a University violation, and the district court does not address the issue of whether such a violation occurred