61 F.3d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hal Brian STICKNEY, Plaintiff-Appellant,
v.
CITY OF STERLING HEIGHTS, Defendant-Appellee.
 No. 94-1216.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1995.
 
 Before: JONES, NELSON, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Hal Brian Stickney is appealing the summary judgment for Defendant City of Sterling Heights ("City") in this action, brought under 42 U.S.C. Sec. 1983, in which he alleged that Sterling Heights police officers Chrysostomos Trikes and Leland Young used excessive force in executing his arrest, that the City failed to adequately train and supervise its officers, and that the City has a custom, practice, or policy of condoning the use of excessive force against anyone who strikes a police officer. For the reasons stated herein, we affirm the decision of the district court.
 
 I.
 
 2
 According to Stickney, in the early morning of November 24, 1985, he went to his estranged wife's apartment to plead for marital reconciliation. When she would not let him in, he pushed the door open. He did not know that police officers had already been called. Once inside the apartment he was tackled by a friend of his wife's who was already in the house, the two wrestled, and ultimately the friend ran out of the house.
 
 
 3
 Meanwhile, Officers Young and Trikes were dispatched to the scene.[1] Stickney explains that he was in the bedroom facing Katherine with his back to the bedroom door when Officer Trikes entered the apartment and then the bedroom. Stickney says that he did not know that anyone had entered the room until he was grabbed from behind. Thinking that it was the same person who had jumped him earlier, he fell to the carpet while grabbing the legs of the person who had grabbed him, and then lurched forward pushing the person backwards and against a dresser. It was only then that he realized he had hold of a police officer. Stickney stood up, but was then hit by something, which apparently turned out to be Officer Young striking Stickney in the head with a metal "Kel-Lite" flashlight. Stickney claims that after the officers handcuffed him, Young continued to strike him with the metal flashlight, as well as choke, kick, and punch him. Stickney Br. at 6-7. Stickney further claims that after being booked at the police station, he was punched and struck by Officer Randy Shepherd as Officers Young and Shepherd transported him to the hospital. Stickney Br. at 8. At the hospital, Stickney received stitches for his head wound.
 
 II
 
 4
 "We review a district court's grant of summary judgment de novo.... [I]n a motion for summary judgment, 'credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."' Russo v. City of Cincinnati, 953 F.2d 1036, 1041-42 (6th Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and citing Vollrath v. Georgia-Pacific Corp., 899 F.2d 533, 534 (6th Cir.), cert. denied, 498 U.S. 940 (1990)).
 
 
 5
 Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Kraus v. Sobel Corrugated Containers, Inc., 915 F.2d 227, 229 (6th Cir. 1990). This means that after the opportunity for discovery, if the moving party demonstrates that there is no genuine issue of material fact as to the existence of any element essential to the non-moving party's case, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once this initial burden is met, it becomes the burden of the non-moving party to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 III.
 
 6
 In order for Stickney to make out a Sec. 1983 claim against the City, Stickney must show that the municipality has a de facto policy or custom which inflicts injury. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978).[2] He must further show that the de facto policy amounts to "deliberate indifference to the rights of persons with whom the [municipal agents] come in contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989).
 
 
 7
 Upon full review of the record before this court, we find that the district court did not err in determining that there is no genuine issue of material fact to allow Stickney's municipal liability claims against the City to go forward. The evidence fails to show that the City has been deliberately indifferent to any obvious need for better training or supervision of its officers or that any such failure to train or supervise caused Stickney's injury. Nor does the evidence show that the City has a custom, practice or policy of condoning excessive force used against anyone who strikes a police officer.
 
 
 8
 We find that the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Consequently, we conclude that the district court did not err in granting summary judgment, and we AFFIRM the decision of the district court.
 
 
 
 [1]
 The versions of what occurred once the officers arrived at the apartment differ between Stickney and the officers, but for purposes of this court's review of the district court's grant of summary judgment, we accept Stickney's version of the facts. See Russo v. City of Cincinnati, 953 F.2d 1036, 1041-42 (6th Cir. 1992)
 
 
 [2]
 This court has explained that
 "to satisfy the Monell requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."' Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993) (quoting Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir. 1987)), cert. denied, U.S. , 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994).
 Searcy v. City of Dayton, 38 F.3d 282, 287 (6th Cir. 1994).