73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Amy D. ADAMS, et al., Plaintiffs-Appellees,
v.
Richard YONTZ, Defendant-Appellant.
 Nos. 94-3767, 94-3770.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1996.
 
 Before: MARTIN, JONES, Circuit Judges; and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 This is a Sec. 1983 case. Plaintiffs, eleven former and current elementary school students, allege that Defendant Richard Yontz and several other co-Defendants violated their substantive due process rights. Yontz invoked qualified immunity, and the district court granted in part and denied in part his claim. Yontz appeals that decision, and we affirm.
 
 
 2
 Plaintiffs were enrolled in a special education program for the deaf and hearing impaired at Highlands Elementary School ("HES") in Springfield, Ohio. HES is located in Springfield City School District ("SCSD"). Defendant Beverly Kaech served as Plaintiffs' instructor. Plaintiffs accuse Kaech of inflicting physical and mental abuse on them from 1980 to January 1991. According to Plaintiffs, Kaech hit them, shoved them, threw books at them, yelled at them, and insulted them. Several Plaintiffs claim that Kaech caused them serious physical injury. Kaech denies Plaintiffs' allegations.
 
 
 3
 Yontz served as HES principal from 1982 to 1991, during which most of these alleged incidents occurred. Plaintiffs claim that they submitted several oral and written complaints about Kaech to Yontz and the SCSD. They maintain that Yontz invested little time and effort in responding to these complaints. J.A. at 114-17. Yontz, however, claims that he never saw Kaech abuse Plaintiffs. He also insists that he only received three complaints and that he adequately investigated each of these claims.
 
 
 4
 On April 10, 1992, Plaintiffs filed a Complaint naming Kaech, Yontz, and SCSD as Defendants. In their Sec. 1983 claim against Yontz, they asserted that Yontz was "under a duty to protect [them]" from Kaech because they enjoyed a "special custodial relationship" with Yontz. J.A. at 66. Moreover, they alleged that Yontz's indifference towards their allegations against Kaech resulted in a violation of their substantive due process rights. Id. at 66-7.
 
 
 5
 On May 3, 1993, after nearly a year of discovery, Yontz moved for summary judgment on the basis of qualified immunity. He argued that Plaintiffs had failed to establish an actionable constitutional right to be protected from Kaech's abusive conduct because he did not have a special custodial relationship with them. J.A. at 188-89. Yontz also averred that Plaintiffs failed to allege that his indifference constituted a violation of clearly established law. Id. at 191-93.
 
 
 6
 On March 31, 1994, the district court sustained in part and overruled in part Yontz's request for qualified immunity. While the court agreed with Yontz that he had no affirmative duty to protect Plaintiffs, it refused Yontz full qualified immunity. The court reasoned that under clearly established law, Yontz could be held liable for Kaech's abusive conduct because he served as Kaech's supervisor. J.A. at 145. On July 14, 1995, Yontz filed a Notice of Appeal. Plaintiffs moved the court to certify Yontz's appeal as frivolous. Yontz also filed a Motion to Stay Trial Pending Appeal, in which he maintained that Plaintiffs had not asserted a clearly established right so as to assign him liability. J.A. at 1148-51. In an expanded opinion filed July 25, 1994, the district court reaffirmed its earlier decision to deny Yontz full qualified immunity, certified his appeal as frivolous, and denied Yontz's Motion to Stay Trial. J.A. at 1162-77. The district court ordered the parties to proceed to trial; however, it granted Yontz leave to appeal both of its decisions. This consolidated appeal followed.
 
 
 7
 Yontz presents two issues on appeal. The first issue is whether the district court erred in refusing him summary judgment on the basis of qualified immunity. The second issue is whether the district court erred in certifying his appeal as frivolous.
 
 I.
 A. Yontz's Motion for Summary Judgment
 
 8
 The first issue involves the court's denial of summary judgment. "We review a district court's grant [or denial] of summary judgment de novo." Russo v. City of Cincinnati, 953 F.2d 1036, 1041 (6th Cir.1992) (citing Vollrath v. Georgia-Pacific Corp., 899 F.2d 533, 534 (6th Cir.), cert. denied, 498 U.S. 940 (1990)). Yet this interlocutory appeal presents questions of qualified immunity which are "conceptually distinct from the merits of the plaintiff's claim." Mitchell v. Forsyth, 472 U.S. 511, 527 (1985). As a result, the sole issue facing the court in Forsyth appeals is "whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions." Id. at 528; Harlow v. Fitzgerald, 457 U.S. 800, 818 (1981).
 
 
 9
 Once a Sec. 1983 defendant has claimed qualified immunity, the plaintiff carries the ultimate burden of proving that the claimed right is clearly established so as to defeat the defendant's qualified immunity claim. Wegener v. Covington, 933 F.2d 390, 392 (6th Cir.1991). In doing so, the plaintiff may draw from: i) Supreme Court precedent; ii) Sixth Circuit precedent; or iii) cases from other circuits which "point unmistakenly to the unconstitutionality of the conduct and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable [official] that his conduct was unconstitutional." Mumford v. Zieba, 4 F.3d 429, 432-33 (6th Cir.1993).
 
 
 10
 In order to determine whether a Sec. 1983 defendant violated a "clearly established" right, the reviewing court must employ an "objective reasonableness" test. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Under this test, "the contours of the [claimed] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. In other words, "in the light of pre-existing law the unlawfulness must be apparent." Id. Consequently, "[i]f officials of reasonable competence objectively could disagree on the law, immunity should be recognized." Cameron v. Seitz, 38 F.3d 264, 272 (6th Cir.1994) (quoting Mumford, 4 F.3d at 432).
 
 
 11
 Applying these principles to the case at bar, the relevant inquiry for the purposes of our qualified immunity analysis is whether the law clearly established supervisory liability on principals for the unconstitutional actions of their subordinates at the time that the alleged incidents occurred. We believe that it did. In Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir.), cert. denied, 459 U.S. 833 (1982), this court held that Sec. 1983 claimants may maintain a cause of action against a supervisory official if they can prove that "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id. (emphasis added); quoted in Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990). The Third Circuit, moreover, specifically authorized supervisory liability claims against principals for the abusive conduct of teachers in Stoneking v. Bradford Area School Dist. (Stoneking II), 882 F.2d 720, 730 (3d Cir.1989), cert. denied, 493 U.S. 1044 (1990). Therefore, the law has been clearly established since at least 1982 that Yontz could be held liable as a supervisory official for the constitutional torts of his subordinates. Id.; Hays, 668 F.2d at 874.
 
 
 12
 In order for an official to be held liable under a theory of supervisory liability, the underlying conduct of his subordinate must violate clearly established law. Hays, 668 F.2d at 874. In Hall v. Tawney, 621 F.2d 607, 613 (4th Cir.1980), the Fourth Circuit held that the substantive due process rights of students are violated when a teacher applies force which "cause[s] injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." This circuit adopted the Hall standard in Webb v. McCullough, 828 F.2d 1151, 1158-59 (6th Cir.1987). Thus, Hall and Webb explicitly state that the Fourteenth Amendment proscribes the abusive conduct which Plaintiffs allege against Kaech. Consequently, Kaech's conduct could result in supervisory liability against Yontz if it is proven at trial that he was deliberately indifferent to such conduct. Hays, 668 F.2d at 874. Yontz, however, contends that Plaintiffs have not produced sufficient evidence to establish genuine issues of material fact as to whether Kaech unconstitutionally abused her students or whether Yontz was deliberately indifferent to Plaintiffs' complaints. This court, however, may not address sufficiency of the evidence claims on appeal. Johnson v. Jones, 115 S.Ct. 2151, 2157 (1995). The Johnson Court noted that Forsyth appeals involve a pure question of law; thus, "an appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim.' " Id. at 2156. The court reasoned that "an interlocutory appeal concerning [factual issues] ... makes unwise use of the appellate courts' time, by forcing them to decide in the context of a less developed record, an issue very similar to one they may well decide anyway later, on a record that will permit a better decision." Id. at 2158. Therefore, we may not consider Yontz's fact-related arguments in this appeal. Id.
 
 
 13
 Because Plaintiffs have asserted violations of clearly established law against Yontz, and because Yontz's factual arguments are not properly addressed on appeal, we uphold the district court's denial of Yontz's Motion for Summary Judgment on grounds of qualified immunity.
 
 
 14
 B. Certification of Yontz's Appeal as Frivolous
 
 
 15
 Yontz's second argument on appeal is that the district court improperly dismissed his appeal as frivolous. We agree. In doing so, we rely on Dickerson v. McClellan, 37 F.2d 251 (6th Cir.1994). Dickerson involved facts which are substantially similar to those presented in this case. In Dickerson, the district court denied the defendants qualified immunity, and the defendants filed a notice of appeal. Id. The plaintiffs moved to certify defendants' appeal as frivolous, and the district court granted that motion. Id. at 252. Thereafter, the district court dismissed the defendants' notice of appeal. This court vacated the ruling of the district court, reasoning that "[a] proper notice of appeal divests the court of jurisdiction and transfers jurisdiction to the court of appeals." Id. (citing Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir.1993)). In light of Dickerson, we find that the district court's decision to certify Yontz's Forsyth appeal as frivolous was in error.
 
 II.
 
 16
 For the reasons stated herein, we AFFIRM the decision of the district court denying Yontz's Motion for Summary Judgment, and VACATE the district court's certification of Yontz's appeal as frivolous.
 
 
 
 *
 The Honorable Robert Holmes Bell, District Judge, United States District Court for the Western District of Michigan, sitting by designation